[Crim. No. 2766. Second Appellate District, Division Two.—October 17, 1935.]

THE PEOPLE, Respondent, v. KENNETH W. McKINNEY, Appellant.

Olin N. McKay for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

GOULD, J., *pro tem.*—Accused by information, tried by a jury and found guilty of having in his possession what is commonly known as a "sap" or blackjack, defendant appeals to this court upon the sole ground that there was not sufficient evidence introduced at his trial to sustain the verdict of the jury. Mere possession of a blackjack or similar instrument is denounced as a felony by the Deadly Weapons Act (sec. 1, Act 1970, Deering's Gen. Laws, 1931, p. 900).

The instrument in this case was found, not on the person of defendant, but in a suitcase under the bed in a room occupied jointly by him and another man. Defendant denied he had ever seen the "sap" before it was produced at his preliminary hearing. His roommate refused to testify regarding it upon the ground that such testimony might incriminate him. Police officers testified that defendant had admitted to them at or shortly after his arrest that the instrument belonged to him.

Possession may be proved without proof of ownership, and although ownership implies the right to possess (Civ. Code, sec. 654), possession may exist entirely apart from ownership and ownership may be had of a thing not in the owner's possession. (*Estate of Stanford*, 126 Cal. 112 [54 Pac. 259, 58 Pac. 462, 45 L. R. A. 788].) Under the statute involved here possession alone had to be proved, and Bouvier defines possession as "the detention or enjoyment of a thing which a man holds or exercises by himself, or by another who keeps or exercises it in his name". We feel that under the

evidence presented here the question of defendant's possession of the "sap" was one of fact, properly presented to the jury for determination. Likewise as to the evidence generally, while it is true that the jury might have been justified in rendering a different verdict, the problem of determining questions of fact is left entirely to it (Pen. Code, sec. 1126), and with such determination this court may not interfere in the face of conflicting evidence.

█ That no malicious intention on the part of the possessor of the interdicted weapon was proved, and that no actual wrongful use was shown, avails appellant not at all. Proof of possession alone is sufficient.

On principle this case is not unlike the "metal knuckles" case (*People* v. *Ferguson*), reported in 129 Cal. App., at page 300 [18 Pac. (2d) 741], upholding a conviction where nothing more than ownership and possession was shown and where there was no showing of evil intent or wrongful use.

The judgment is affirmed.

Wood, J., and Crail, P. J., concurred.