[Crim. No. 10648.   Second Dist., Div. Two.   Apr. 27, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE CONGER ESPINOZA, Defendant and Appellant.

Raymond H. Miller, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—George Espinoza pleaded guilty to one count of armed robbery (Pen. Code, § 211). Two prior felony convictions were charged and denied. After the prosecution introduced the judgment and sentence records of the prior convictions, the defendant testified he had not had the assistance of counsel at the time of his prior convictions. The trial court found that the charge of two prior convictions was true.

1. Defendant initially contends that his plea of guilty was involuntary. (Pen. Code, § 1018.) He argues that his plea was unlawfully impelled by the knowledge that the police had obtained a confession from him, a confession secured in violation of the constitutional rights set forth in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. This argument is without legal effect. First, defendant never moved to withdraw his guilty plea as required by Penal Code, section 1018. Second, the transcript reflects that Espinoza pleaded guilty of his own volition with full knowledge of his rights and with the concurrence of his counsel. His guilt was established by the plea itself and not through the use of illegally-obtained evidence. (*People* v. *Wendes,* 237 Cal.App. 2d 814, 816-817 [47 Cal.Rptr. 310].)    Even if the *Dorado* rule had been violated, we cannot assume that the prosecution would have attempted to rely on illegally-obtained evidence at the time of trial, especially in view of the showing at the preliminary hearing that Espinoza had been caught by the police during the robbery itself.    Defendant has not

sustained the burden of showing that his plea was an involuntary act.

2. Espinoza attacks the finding of two prior felony convictions. He argues that because he had not been represented by counsel at the time of these earlier convictions they cannot properly be used to increase the severity of his present sentence. In this contention defendant is on firm legal ground.

Our Supreme Court has recently held that the use of prior convictions to establish habitual criminality under Penal Code, section 644, may be attacked for lack of representation by counsel in the prior proceedings. (*In re Woods,* 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913]; *In re Tucker,* 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921].) The same rule applies whenever prior convictions are used to increase the severity of punishment. (*In re Luce,* 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918]; Pen. Code, §§ 644, 666, 667, 668, 3024.) Whether in prior proceedings the defendant had been represented by counsel or whether he had knowingly waived his right to counsel are issues of fact to be resolved by the trial court upon the evidence before it. (*In re Woods,* 64 Cal.2d 3, 9-11 [48 Cal.Rptr. 689, 409 P.2d 913].)

In his present trial Espinoza testified he had not been represented by counsel at the time he pleaded guilty to a burglary charge in Texas in 1951. The prosecution relied on a certified copy of the judgment which stated that the ''cause being called for trial, appeared the parties, the State by her District Attorney, and the defendant in person *and by attorney,* in open Court, having stated to the Court that he desired to waive a jury and plead guilty before the Court. . . .'' (Italics added.) Espinoza further testified that in 1955 he had waived his right to counsel and pleaded guilty in a Texas federal court to a Dyer Act violation (18 U.S.C.A. § 2312), but that his waiver had been based on the statement of the interpreter, who told him he would not need counsel to plead guilty. Again the prosecution relied on the court judgment, which stated ''the defendant, Jorge Torres Espinoza, appeared in person and was advised of his right to have counsel, waived counsel. . . .''

In both instances, conflicting evidence created factual issues to be resolved by the trial court, in the first case whether Espinoza was represented by counsel, and in the second whether he knowingly waived his right to counsel. The trial court's finding of two valid prior convictions necessarily included a finding adverse to Espinoza's contentions, and

since this finding was based on substantial evidence we must uphold it on appeal. (*People* v. *Carrillo,* 64 Cal.2d 387, 390-391 [50 Cal.Rptr. 185, 412 P.2d 377].)

Appellant's other contentions are without merit.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.