[Crim. No. 249.   Fifth Dist.   June 22, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER SHANKLIN, Defendant and Appellant.

James B. Thompson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse and Nelson P. Kempsky, Deputy Attorneys General, for Plaintiff and Respondent.

McMURRAY, J. pro tem.*—This is an appeal from a judgment sentencing defendant to state prison after plea of guilty to one count of petty theft with a prior conviction of a felony in this state on March 29, 1963. The appellant contends that:

"1. Appellant was unlearned in police psychology, police interrogation techniques, and the device of hypnosis, and fell a · victim thereto.

"2. The Appellant was without funds and therefore unable to afford the defense which would have been necessary to prove his innocence in the case.

"3. The Appellant entered into waivers of certain of his rights and constitutional rights, which waivers were not consciously made or made with full knowledge of their importance.

*Assigned by the Chairman of the Judicial Council.

"4. The search and seizure in the case was illegal, and the illegally obtained evidence was used by the police to coerce the Appellant into pleading guilty.

"5. The admission of the prior offense charged in the count with the offense with petty theft was ill-advised, and the prosecution should have been required to prove the prior, the same as any other charge in the information.

"6. Appellant did not have the best defense available and was, therefore, deprived of a fair trial of his case on the merits.

"7. The arresting officer, the probation officer, and the Public Defender coerced, intimidated, and threatened Appellant into pleading guilty as charged; or, if he did not do so, he would be tried as an habitual criminal and given a life sentence.

"8. Appellant was promised that if he plead guilty as he, in fact, did do, he would be sent to the County Jail, rather than to the State Prison.

"9. The importance of all of the Appellant's contentions can be understood only by recognizing that he claims to be an uneducated negro, subject to the whim and caprice of all law enforcement agencies."[1]

Bearing in mind that the appellant pleaded guilty in the superior court, it is difficult to understand how the contentions numbered 1, 2, 3, 4, 6, 7, 8 and 9 are supportable in view of the record. A reading of that record discloses that after appellant had been arraigned an assistant public defender was appointed to represent him, and after separate pleas of not guilty to counts one and two, and denying a separately alleged prior conviction in the information, the defendant thereafter appeared with counsel and requested leave of court to plead guilty to count two. At that time the court made the following statements:

"[THE COURT] All right. All jurors are out of the courtroom. Let the record reflect then that all the prospective jurors, the panel, is absent from the courtroom; that the defendant Walter Shanklin is present with his attorney; and that the District Attorney's Office is present.

"Mr. Carroll, you indicated to the Bench that at this time Mr. Shanklin would like to ask permission of the Court to withdraw his plea as to Count Two contained in the Complaint for the purpose of entering a different plea.

---

[1]These contentions constitute the entire appellant's brief except for a brief statement of the case.

"Is that your desire, Mr. Walter Shanklin?

"The Defendant: Yes, sir.

"The Court: If you withdraw your plea of not guilty to Count Two and enter a plea of guilty of Count Two, if you are permitted to do that, you do it with the understanding that no promises of any kind are being made to you?

"Mr. Carroll: Yes, sir.

"The Court: No representations have been made to you of leniency?

"The Defendant: No, sir.

"The Court: If you do this, it is entirely within the discretion of the Court what the penalty will be?

"The Defendant: Yes, sir.

"The Court: And you realize the Court may send you to prison?

"The Defendant: Yes, your Honor.

"The Court: And there is no misunderstanding then of any form of leniency, any form of probation expected by you by reason of your change of plea?

"The Defendant: No, sir.

"The Court: And if you change your plea, you are doing it because you are admitting that you are guilty of the crime?

"The Defendant: Yes, sir.

"The Court: All right. With that understanding in mind, is that agreeable with the District Attorney's Office?

"Mr. Taylor: Yes, your Honor. It is.

"The Court: The allegations in their entirety as contained in Count Two?

"Mr. Taylor: Yes, sir.

"The Court: All right. On the plea of not guilty heretofore entered on Count Two, it is your desire, Walter Shanklin, to withdraw your plea of not guilty to Count Two?

"The Defendant: Yes, sir.

"The Court: All right. Then, the plea of not guilty to Count Two heretofore entered will be withdrawn at this time, and the District Attorney's Office will again arraign the defendant on Count Two fully.

"Mr. Taylor: Mr. Shanklin—I don't have the number of the Information, your Honor.

"The Court: Here, take mine.

"Mr. Taylor: Thank you.

"Mr. Shanklin, to the charges contained in Count Two of Information #29434—

"The Court: No. Read it fully.

"Mr. Taylor: All right.

"Count Two is as follows:

"'For a further and separate cause of action, being a different offense of the same class of crimes and offenses as the charge set forth in Count One hereof, Walter Shanklin is accused by the District Attorney of said County of Sacramento, by this information of the crime of Petty Theft with a Prior Conviction of a Felony, to wit, Grand Theft committed as follows: That the said Walter Shanklin on the 13th day of May, A.D., 1965, in the said County of Sacramento, in the said State of California, and before the filing of this information, did then and there willfully and unlawfully and feloniously take Clothing of a value of less than Two Hundred Dollars lawful money of the United States, the personal property of Mrs. Donald J. Thurman; that before the commission of the offense hereinbefore set forth in this information, said defendant, Walter Shanklin, was in the Superior Court of the State of California, in and for the County of Sacramento, convicted of the crime of Grand Theft, a felony, and the judgment of said court against said defendant in said connection was, on or about the 29th day of March, 1963, pronounced and rendered, and pursuant to said judgment said defendant served a term of imprisonment therefore in the State Prison. [']

"Now, to the allegations of Count Two that I have read you, Mr. Shanklin, what is your plea, sir?

"The Defendant: I plead guilty.

"The Court: What? I want to hear it.

"The Defendant: I plead guilty.

"Mr. Taylor: And do you understand that the conviction alleged in Count Two, that you were convicted of the crime of grand theft, a felony, on or about the 29th day of March, 1963, for which you served a term of imprisonment in the State Prison; do you deny that, sir?

"Mr. Carroll: He never admitted that in his pleadings.

"Mr. Taylor: Well, for the purpose of clarification of the record, however, do you admit that or deny that?

"The Defendant: I admit it.

"The Court: Do you admit that?

"The Defendant: Yes, sir.

"The Court: So, your plea is guilty to Count Two, fully?

"The Defendant: Yes, sir.

"The Court: And all charges contained therein?

"Mr. Carroll: Yes, your Honor.

"The Court: All right. Then, the record will so reflect.

"Mr. Taylor: The People have a motion to make, your Honor.

"The Court: As to Count Two?

"Mr. Taylor: As to Count Two, and the prior conviction alleged separately at the bottom of the Information.

"The Court: Well, the prior conviction at the bottom is for the purposes of the County.

"Mr. Carroll: No, your Honor. They were separately alleged for both Count Two and Count One.

"Mr. Taylor: Correct.

"The Court: For purposes of penalty.

"Mr. Taylor: Yes, your Honor.

"Mr. Carroll: Yes, your Honor.

"Mr. Taylor: For that purpose only, and not in the allegation of the central charge.

"The Court: All right. What is your motion, counsel?

"Mr. Taylor: As to Count One, we move to dismiss it in the interest of justice, and also move to dismiss the prior conviction alleged at the bottom of the Information on the same ground.

"The Court: I see. All right. That motion will be taken under advisement to the date that this man is put over to, along with the judgment and sentence at that time.

"Mr. Taylor: For the purpose of the record, I would like to state that our motion does not go to the allegation of prior convictions as contained in Count Two.

"The Court: No. I understand that.

"Do you understand that, Mr. Carroll?

"Mr. Carroll: Yes. I understand that, your Honor.

"The Court: All right. Then, do you make any motion?

"Mr. Carroll: Yes, your Honor. May this be referred to the Probation Department for a report?

"The Court: All right. The defendant is in custody?

"Mr. Carroll: Yes, your Honor.

"The Court: All right. The defendant will be retained in custody until judgment and sentence be pronounced."

Thereafter, and at the time appointed for receipt of the probation officer's report, the appellant again appeared in court and upon motion of the district attorney, count one and the separately alleged prior conviction were ordered dismissed

in the interest of justice and defendant was sentenced to state prison.

It is difficult to imagine how the court could have been clearer or more careful in explaining to appellant the consequences which might result from his plea of guilty to count two of the information. The English language is only capable of a certain amount of simplification, and any further simplification of the court's statement to the defendant is almost impossible to contrive. ■ As is said in *People* v. *Mullane,* 182 Cal.App.2d 765, at page 768 [6 Cal.Rptr. 341] : "A plea of guilty is an admission of defendant's guilt and of every element of the crime charged. [Citations.] ■ A judgment on a plea of guilty is not appealable on the merits. [Citations.] And where judgment has been entered on a plea of guilty irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed."

■ There is no showing in this record that the guilty plea was entered into without the aid of counsel or by reason of duress, fraud, deception, or other promises or irregularities which deprived him of the right to trial on the merits, a state of facts which would seem to be necessary for a successful appeal seeking to withdraw a guilty plea. (*People* v. *Chesser,* 29 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246] ; *People* v. *McGarvy,* 61 Cal.App.2d 557, 563-564 [142 P.2d 92] ; *People* v. *Butterfield,* 37 Cal.App.2d 140 [99 P.2d 310].)

■ The record certainly does not support the defendant's contention that he was not adequately represented at the time of the guilty plea. The contention that "the search and seizure in the case was illegal, and the illegally obtained evidence was used by the police to coerce the Appellant into pleading guilty" is again without support in the record and in view of the fact that the appellant pleaded guilty, no question of illegally obtained evidence was before the court below. ■ Whether or not the admission of the prior conviction charged with the count of the offense of petty theft was ill-advised, was a matter within the appellant's control. From the record it appears that the judge gave the appellant every opportunity to express himself openly, freely, without fear and without any coercion at the time the plea was accepted. Certainly, all of the requirements to receive a valid guilty plea under Penal Code sections 1016 and 1018 were here present.

■ The somewhat nebulous contention that "the prosecution should have been required to prove the prior, the same as any other charge in the information," might possibly be

construed to be an objection that he was erroneously convicted of a felony since petty theft is only a misdemeanor. If this is what appellant is attempting to contend, the point is disposed of by the language in *People* v. *Moranda*, 222 Cal.App.2d 424, at pages 425-426 [35 Cal.Rptr. 231] : "Appellant contends that he was erroneously convicted of a felony as petty theft is only a misdemeanor. Section 667 of the Penal Code makes petty theft a felony when the accused has been previously convicted of a felony and served a term therefor. The information in this case charged the appellant with a felony, violation of section 484 of the Penal Code and a prior conviction. Appellant argues that because section 667 was not specifically mentioned in the information, he was not apprised of the fact that he was being charged with a felony.

"A defect in criminal proceedings, to constitute prejudicial error, must affect the substantial rights of the accused. (Cal. Const., art. VI, § 4½; Pen. Code, § 1258.) The failure to allege a violation of section 667 is not a prejudicial error when the precise elements of the offense are set forth with clarity in the information [citation]. Likewise, the appellant here could not possibly have been misled as all of the elements of section 667 were set forth in the information. The only purpose of charging the prior conviction was to convert the misdemeanor into a felony. Appellant had the advice and assistance of counsel prior to and at the time of his plea and admission of the prior conviction. Appellant's plea of guilty and admission of the prior conviction fully support the judgment [citation]. The failure to specifically allege section 667 in the information constitutes only a procedural irregularity in the judgment, not prejudicial error [citation]."

This appeal seems to fall within the language of Mr. Justice Bray in *People* v. *Mitchell*, 185 Cal.App.2d 507, at page 508 [8 Cal.Rptr. 319], where it is said: "This case is typical of a growing practice among inmates of our penal institutions, who, after pleading guilty to one charge and having others dismissed, appeal from the judgment based on their pleas, and contend that their counsel did not properly represent them in the trial court."

However, one point regarding the challenge to the prior requires our attention. In the recent cases of *In re Woods*, 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913] ; *In re Luce*, 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918] ; and *In re Tucker*, 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921], as well as in *People* v. *Ebner*, 64 Cal.2d 297 [49 Cal.Rptr.

690, 411 P.2d 578] and the modification thereof at pages 304-305, it appears that an admitted prior conviction of a crime which may be used for an adjudication of habitual criminality or for the purpose of elevating an offense from a misdemeanor to a felony status (*In re Luce, supra*) makes it incumbent upon the trial court to ascertain whether or not at the time of the former conviction or guilty plea a defendant was properly advised of his constitutional right to legal assistance and whether or not he had counsel or knowingly waived the right to counsel at that former conviction.

Therefore, the judgment convicting the defendant of petty theft is affirmed, but the cause is remanded to the trial court for appropriate resentencing after a determination as to whether or not defendant was represented by counsel upon his former conviction of felony and if not, whether he intelligently and understandingly waived that right.

Conley, P. J., and Stone, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 17, 1966. Mosk, J., was of the opinion that the petition should be granted.