[Crim. No. 266. Fifth Dist. Mar. 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. AMOS McGINNIS, Defendant and Appellant.

Roy G. Hollingshead, Jr., and Louis W. Caporale, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., Raymond W. Momboisse and Craig G. McIntosh, Deputy Attorneys General, for Plaintiff and Respondent.

CONLEY, P. J.—The defendant, Amos McGinnis, was charged with assault with a deadly weapon upon Joseph Palermo in count 1 of the information, and in count 2 with violation of section 12021 of the Penal Code (possession of a forbidden firearm by a convicted felon). After a three-day trial, the jury found the defendant guilty of simple assault, an included offense under count 1, and guilty of a violation of section 12021 of the Penal Code as charged in count 2.

Count No. 2 of the amended information reads as follows: "For a further and separate cause of action, being a different offense from, but connected in its commission with the charge set forth in Count One hereof, AMOS McGINNIS is accused by the District Attorney of said County of Sacramento, by this amended information of the crime of *Violation of Section 12021 of the Penal Code of the State of California (Ex-Convict with Gun)* committed as follows: That the said AMOS McGINNIS on the 31st day of July, A.D. 1965, in the said County of Sacramento, in the said State of California, and before the filing of this amended information, did then and there willfully and unlawfully and feloniously own and have in his possession and under his custody and control a certain firearm, to wit, a 7.65 calibre automatic pistol, Czechoslovakian, Serial # 602556, capable of being concealed upon the person having a barrel less than twelve inches in length, the said AMOS McGINNIS having theretofore been duly and legally convicted of a felony, to wit, the crime of Assault and Battery with a Dangerous Weapon with Intent to Kill, on the 20th day of November, 1943, by and before the District Court of the State of Oklahoma, in and for the County of McCurtain."

The court, after conviction, came to the same conclusion as the probation officer, namely, that probation should be denied, and the defendant was, consequently, sentenced to the state prison on the second count. In view of the fact that simple assault is a misdemeanor, no sentence was imposed by the court on the conviction of the included offense charged in count 1.

The evidence was ample to convict the defendant. At about 3:30 p.m., on July 31, 1965, at the corner of Second and "J" Streets in Sacramento, Amos McGinnis approached a somewhat slighter man of Indian descent, who was just leaving a liquor store; appellant demanded that the Indian give him a "pint" and, when he refused, appellant grabbed the bottle of wine from the man's hands. The slighter man then started a struggle for his bottle, and appellant thrust his hand into one of the pockets of the other man's jeans and took several bills from him. During the fight, appellant broke one of his crutches over the other man's head, thereby knocking him to the ground; McGinnis then jumped upon him and, producing a dagger-like knife, was apparently about to stab him in the chest when Joseph Palermo, a newspaper distributor, who had just driven up to the corner and who saw the appellant beating the victim with his crutch and pulling a knife with which to stab him, took an automatic pistol, for which he had a permit, out of his glove compartment, got out of his car, and approached the appellant. Palermo told appellant, "Don't cut that man," and McGinnis backed away from his opponent. Thinking that he had salvaged the situation, Palermo put the safety catch on his automatic, turned his back on McGinnis and was about to get into his automobile when appellant made an unexpected lunge for Palermo's back pocket and took the gun away. McGinnis aimed the automatic at Palermo and pulled the trigger twice, but the pistol did not go off; the appellant then struck Palermo on the side of the head with the gun, causing a severe bleeding gash as a result. The appellant then went down Second street with the gun in his hand, entered Brownie's bar, and asked the bartender to watch the automatic for him. Within 10 minutes, McGinnis reentered the bar, said, "Give me the gun" and left with Palermo's automatic; he then got into an automobile driven by others and placed the weapon on, or behind, the back seat of the car.

In the meantime, Palermo shouted to a man across the street to call the police. A representative of the Sacramento Police Department soon appeared, and, having received a description of McGinnis, he apprehended him within a short distance; he

recognized the defendant from the description and from his own previous knowledge of McGinnis; he stated that the appellant was a large Negro with only one leg and of a particular height and hair coloring. The officer not only found the gun in the rear of the automobile where McGinnis was sitting, but also secured from him the dagger-type knife with which he had threatened his Indian victim.

It was stipulated that a certified copy of the prior conviction of the appellant should be received in evidence, and that the barrel of the automatic pistol was only six inches in length, thus establishing it as a forbidden weapon in connection with the crime charged in count 2.

The defendant's own testimony was so contrary to every main feature of the evidence for the People that, if the jury believed the state's account of the affray, it necessarily concluded that the defendant was guilty of multiple perjuries. He denied that he had had an altercation with the Indian, but instead said that he was in the process of trying to help a woman, whom he had previously unintentionally knocked to the ground, from her prone position on the street when Palermo pulled a gun on him; that his resistance of Palermo was in self-defense and that he was on his way to the police station to turn in the gun and knife when he was arrested. McGinnis denied ever beating the Indian or taking anything from him.

As the defendant was not sentenced for simple assault because the place of incarceration would have been the county jail, which would have been in vital conflict with the prison term on the second count of the information, we shall not make any further reference to the conviction of simple assault, which seems from the record to have been in extreme mitigation of that crime as actually committed. We shall confine our further treatment of the case to a consideration of the felony described in the second count.

The defendant was represented in the trial court by the office of the public defender of Sacramento County and upon appeal by attorneys appointed successively by the Third and Fifth Appellate Districts of the Court of Appeal. The attorney appointed by the Third Appellate District, apparently unable to discover any ground for appeal which he was personally able to support, purported to satisfy his duty to his client by setting forth some 10 alleged errors which the defendant himself wished to state to the court. All of the grounds of this ''assignment of errors'' were irrelevant; the questions

thus asked by appellant dealt with the right of Mr. Palermo to interfere with what was going on at the scene. None of them involved any question of the right of the defendant to commit the offenses of which he was convicted.

In passing, we commend Mr. Palermo for his successful prevention of a culmination of the serious attack upon the Indian, which might well have resulted in a murder; of all the 30 to 50 people who were present about the corner where the criminal events occurred only one, a witness named John Hamilton Wall, tried to talk the defendant out of his fierce assault upon the smaller man, and only Palermo did anything effective to help the battered victim on the ground; everyone else in the crowd seemed to be either indifferent or afraid.

The second attorney appointed on appeal briefed and argued the lawyerly point that as the record is silent as to the extent that the defendant received the constitutionally provided help that he should have received upon his arrest and trial in Oklahoma, there was no proper proof of that conviction. Our close attention to the record and the principles involved lead us to the conclusion that the raising of this question does not require a reversal of the judgment of guilt on the second count. Plaintiff's Exhibit No. 3 showed the judgment and sentence of McGinnis for "assault and battery with a dangerous weapon with intent to kill" in the District Court of McCurtain County in Oklahoma. Concerning this document, the following proceedings took place as shown by the record:

"MR. MURPHY: Your Honor, I have examined the document and am prepared to stipulate that the document may be received into evidence. It's a certified copy of the prior conviction of Mr. McGinnis in 1943 in the State of Oklahoma for the charge of assault with intent to kill wherein he served a term of imprisonment. I'm prepared to stipulate to that fact and also to the introduction of the certified copy of the document into evidence.

"MR. SAPUNOR: You also stipulate, counsel, that this conforms with the pleading?

"MR. MURPHY: (Nodded head in the affirmative.)

"THE COURT: That will be the order. The stipulation is accepted."

This is equivalent to a stipulation that the proof of trial and conviction in Oklahoma was regular and sound and that it constituted sufficient proof under count 2 of the information concerning that conviction. The document itself shows that the defendant was represented by Attorney C. D. Wilkinson

at his trial and judgment; this record of the judgment as set forth in People's Exhibit No. 3 is in part as follows: ''Now, on this, the 20th day of November, 1943, the same being a day of the regular July, 1943, term of this Court, and the day heretofore fixed by the Court for pronouncing judgment and sentence in this cause, the defendant . . . is brought into open court in his own proper person, and is represented by his Attorney C. D. Wilkinson and the defendant having been legally charged with the crime of Assault and battery with a dangerous weapon with intent to kill and having been arraigned on said charge and having plead not guilty and tried before a jury the defendant is now by the Court informed of the nature and character of the charge against him and of his plea thereto; and now he is asked by the Court whether he has any legal cause to show why judgment and sentence of the law should not be pronounced against him in accordance with the law and the verdict of the jury and the defendant giving no good reason why the same should not be done, and none appearing to the Court, the Court does hereby adjudge and sentence the said Andrew [Amos] McGinnis in accordance with the law and the verdict of the jury for the crime of Assault and battery with a dangerous weapon with intent to kill, by him committed.'' In cases involving a foreign conviction, which is of the essence of the charge of crime in this state, proof that does not show that the defendant was there represented by counsel, or, that he waived the right thereto, is not sufficient. (*In re Woods,* 64 Cal.2d 3 [48 Cal. Rptr. 689, 409 P.2d 913]; *In re Luce,* 64 Cal.2d 11 [48 Cal. Rptr. 694, 409 P.2d 918]; *In re Tucker,* 64 Cal.2d 15 [48 Cal. Rptr. 697. 409 P.2d 921]; *People* v. *Shanklin,* 243 Cal.App.2d 94. 102 [52 Cal.Rptr. 28].)

In *People* v. *Ebner,* 64 Cal.2d 297, at 305 [49 Cal.Rptr. 690, 411 P.2d 578] : ''We have held that a prior felony conviction cannot support an adjudication of habitual criminality under Penal Code section 644 unless at the prior proceeding the defendant was represented by counsel or intelligently and understandingly waived that right.''

Respondent correctly suggests that the requirements of *People* v. *Ebner, supra,* are met when the record shows, as in this case, that the appellant was represented by counsel in the former case which adjudicated his guilt. In *People* v. *Espinoza,* 241 Cal.App.2d 718 [50 Cal.Rptr. 879], the court held that the requirements of *In re Woods, In re Luce* and *In re Tucker, supra,* were adhered to when the prosecution proved that at

the defendant's prior felony conviction when he pleaded guilty he was represented by an attorney. The same conclusion must be reached when the defendant in the former case had an attorney representing him when he was tried and convicted by a jury.

The judgment is affirmed.

Stone, J., and Gargano, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 17, 1967.