[Crim. No. 5627. First Dist., Div. Three. June 7, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT LEE BURNETT, Defendant and Appellant.

Edmund B. Schultz, under appointment by the Court of Appeal, and Willard F. Jones for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Ronald H. Kearney, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (H. C.), J.—This is an appeal from a judgment of conviction rendered on a jury verdict finding appellant guilty of attempted armed robbery, first degree (Pen. Code, § 211), possession of a blackjack (Pen. Code, § 12020), and two counts of possession of a concealable firearm by a convicted felon (Pen Code, § 12021). Four prior convictions were alleged in the information and admitted by appellant.

Celeste Riva, a bartender at the Waldorf Cafe in Pittsburg, California, on August 6, 1965, at approximately 2 a.m., was

closing the bar and while in the process of locking the door a man, whom he later identified as appellant, asked to buy a six-pack of beer. He refused because it was after 2 a.m. and appellant pointed a revolver at him and said, ''This is a stick-up.'' Mr. Riva grabbed the barrel of the gun and appellant fired the gun twice, one shot striking Mr. Riva in the arm. Appellant ultimately ran to his car and made a getaway.

On August 31, 1965, Police Officer Bellah recognized appellant, who was driving a blue 1959 Mercury automobile, as the person wanted in the attempted robbery of the Waldorf Cafe. Officer Bellah caused appellant to come to a stop and while examining the registration certificate in the car, noticed a gun lying on the floorboard; the barrel and trigger guard were the only parts of the weapon visible. The weapon was a .9 milli-meter Luger pistol. The weapon used in the attempted robbery was a .38 caliber revolver. No fingerprints were found on the Luger, only unidentifiable smudges. A blackjack was also found under the driver's seat. Appellant was taken into custody, and while confined in the county jail awaiting trial, another inmate at gun point forced the deputy sheriff in charge to unlock the door to the room where appellant was confined. Appellant armed himself and escaped. He was appre-hended the following day and returned to jail.

An alibi was introduced on behalf of appellant by Mr. and Mrs. Donald Cuneo. They testified that appellant went to sleep in their home at about 9:30 p.m., August 5, and got up at 2:30 a.m., August 6, at which time he went fishing with Mr. Cuneo.

Orville Nunnaley testified that he (Nunnaley) was the legal owner of the Mercury driven by appellant on the day of his arrest and that appellant had been exclusively using the ve-hicle since August 17, 1965, with his authorization.

Richard Tatem (an inmate at the Chino Institution for Men at the time of the trial) testified that he borrowed the Mer-cury from appellant on August 31 and that be bought a Luger pistol and a blackjack similar to those found by the police from a man whose identity he would not disclose. He further testified that appellant was not present when the two weapons were placed in the car and that when he returned the auto-mobile to appellant he did not inform him that the weapons were in the car.

At the time appellant was tried, the courthouse was under-going repairs. The trial was conducted in temporary quarters located in a building two blocks distant from the jail. When

taken from jail to court appellant was handcuffed and in leg chains. These security measures were observable by members of the jury.

The jury resolved the conflicts in the evidence adversely to appellant and returned a guilty verdict on all counts.

Appellant contends (1) that it was error to admit evidence of the escape; (2) that it was prejudicial to be taken to the courtroom in chains, leg irons and handcuffs in the presence of the jury; (3) that it was error to admit prior convictions in evidence without first determining whether defendant had been represented by counsel or had knowingly and intelligently waived his rights thereto at the time of his prior convictions; and (4) that there was no substantial evidence to support the guilty verdict relative to his possession of a blackjack and concealable firearm.

This court raised the additional issue that the conviction and sentence of appellant for first degree robbery and possession of a concealable weapon (which appellant used in his attempted robbery of the Waldorf Cafe) was in violation of section 654 of the Penal Code (multiple punishment).

■ (1) Appellant concedes that ordinarily, evidence of escape is admissible to show consciousness of guilt. However, he contends that *People* v. *Newton,* 244 Cal.App.2d 82, 84, 85 [52 Cal.Rptr. 727] is applicable to the instant case. That case is clearly distinguishable. In *Newton,* the defendant had not been arrested or accused of commission of a crime, but was in a neighborhood where prowlers had been seen. When the officer turned a flashlight on him, he ran and was apprehended after a short flight. The court said: ". . . In order for flight to have evidentiary force, it must take place under circumstances such that it appears that defendant knew that he was charged with the crime involved and that he was attempting to avoid apprehension for that offense. [Citations.]" (At p. 85.)

Appellant here escaped from jail after having been apprised of the charges against him. The fact that other charges were pending against him does not change the rule correctly announced by the trial court in its instructions to the jury: "The flight or escape of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding the question of his guilt or innocence." (See *People* v. *Kostal,* 159 Cal.App.

2d 444, 451 [323 P.2d 1020]; *People* v. *Norman*, 175 Cal.App. 2d 348, 353 [346 P.2d 221]; Pen. Code, § 1127c.)

■ (2) The courts have always recognized that unnecessary show of restraint of an accused in the presence of the jurors is prejudicial. Ordinarily, the defendant should not be manacled or unduly restrained. ''It has ever been the rule at common law that a prisoner brought into the presence of a Court for trial, upon his plea of not guilty to an indictment for any offense, was entitled to appear free of all manner of shackles or bonds; and prior to 1722, when a prisoner was arraigned, or appeared at the bar of a Court to plead, he was presented without manacles or bonds, unless there was evident danger of his escape. (2 Hale's Pleas of the Crown, 219; 4 Black. Com. 322; Layer's Case, 6 State Trials, 4th edition, by Hargrave, 230, 231, 244, 245; Waite's Case, 1 Leach's Cases in Crown Law, 36.)'' (*People* v. *Harrington*, 42 Cal. 165, 167 [10 Am.Rep. 296]; also see Pen. Code, § 688.)

■ Here, however, the ambulant propensities of appellant and all the circumstances indicated the need for reasonable precautionary and security measures. Appellant had been previously convicted of a number of felonies; the charge pending against him was armed robbery; he had escaped from jail on two prior occasions (his first escape was from the San Joaquin County jail in September 1961, and the second, while he was confined on the present charges); and the trial was being held in makeshift quarters in the basement of the Veterans Building instead of the courthouse, which was being remodeled.

The court fully instructed the jury to disregard the fact that defendant was handcuffed and in leg irons; that the devices were for security problems created by use of the temporary courtroom.[1] Under the circumstances, the restraint was reasonable. (See *People* v. *Stabler*, 202 Cal.App.2d 862 [21 Cal.Rptr. 120]; *People* v. *Kimball*, 5 Cal.2d 608, 611 [55 P.2d 483].)

■ (3) Appellant admitted three prior convictions of

---

[1]The statement by the court to the jury was: ''This courtroom, as you may know, is housed in temporary quarters approximately two blocks from the County Jail, and the defendant has been brought to the courtroom from the County Jail on foot each time. I instruct you that under no circumstances whatever are you to consider the guilt or innocence of the defendant by reason of his wearing handcuffs or leg chains or both, nor are you at any time to permit that to enter your minds or discussions. In no way does that have any bearing whatsoever on the guilt or innocence of this defendant.''

felony. Appellant raises the question of whether his admission of prior felony convictions may be used for the purpose of elevating the two charges of possessing a concealable firearm (Pen. Code, § 12021) from a misdemeanor status to that of a felony. He argues that the trial court did not make inquiry as to whether at the time of the prior convictions appellant was represented by counsel or whether he knowingly and intelligently waived his rights thereto. Appellant relies on *People* v *Washington*, 243 Cal.App.2d 681 [52 Cal.Rptr. 668]. However, the *Washington* case (decided July 27, 1966) is impliedly overruled by *People* v. *Merriam*, 66 Cal.2d 390 [58 Cal. Rptr. 1, 426 P.2d 161] (decided April 1967), wherein the court disapproves the same reasoning used by *People* v. *Shanklin*, 243 Cal.App.2d 94 [52 Cal.Rptr. 28].[2] In *People* v. *Merriam*, *supra*, at pp. 396-397, 398 the court states: ''Defendant further contends that the judgment should be reversed insofar as it determines that he had suffered a prior conviction for violation of section 314, subdivision 1, of the Penal Code. [Footnote omitted.] It is pointed out that the trial herein occurred previous to the decisions of this court in *In re Woods* (1966) 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913], and *In re Luce* (1966) 64 Cal.2d 11 [48 Cal.Rptr. 694, 409 P.2d 918], and it is therefore argued that counsel's failure at trial to challenge the prior [felony] on the ground of constitutional defects as to right to counsel cannot foreclose his mounting such a challenge at this time. He now seeks to do so by alleging in his brief that 'the record is silent on the issue of appellant's representation or waiver of counsel at the time of the prior conviction.'

''It is of course obvious that the instant case differs from *Woods* and *Luce* (see also *In re Tucker* (1966) 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921]) in that here the prior conviction is sought to be challenged for the first time on direct appeal from the judgment wherein such prior was found to be true, whereas in the earlier cases the challenge was brought through collateral attack after such judgment had become final. This difference is a significant one. It is elementary that the function of an appellate court, in reviewing a trial court judgment on direct appeal, is limited to a consideration of matters contained in the record of trial proceedings, [footnote

---

[2] It is to be noted that both *People* v. *Washington*, 243 Cal.App.2d 681 [52 Cal.Rptr. 668], and *People* v. *Shanklin*, 243 Cal.App.2d 94 [52 Cal. Rptr. 28], involved cases on direct appeal on identical issues and were decided by the same court.

omitted] and that 'Matters not presented by the record cannot be considered on the suggestion of counsel in the briefs.' (*People* v. *Hernandez* (1957) 150 Cal.App.2d 398, 402 [309 P.2d 969]; see generally Witkin, Cal. Criminal Procedure (1963) § 682, p. 666.) It is therefore clear that we cannot consider on direct appeal the matter here sought to be raised. . . . [T]he burden of initiating inquiry into the constitutional basis of a prior conviction lies with him who would challenge its validity rather than with the trial court. The *Shanklin* decision therefore must be and is hereby disapproved to the extent that it is inconsistent with the views above expressed.''

Therefore, *People* v. *Washington, supra,* does not make incumbent that we remand (as contended by appellant) on the basis that it was the duty of the trial court on its own initiative to ascertain whether at the time of appellant's prior conviction he was represented by counsel or knowingly and intentionally waived his rights. The scope of direct appeal is limited to matters contained in the trial record. Appellant's remedy is by collateral attack upon the judgment and then only if he is able to make a clear allegation that he can establish that in the proceedings under attack he was not represented by counsel nor did he waive the right to be so represented.

■ (4) The contention that there was no substantial evidence for the jury's judgment of conviction for possession of a blackjack (Pen. Code, § 12020) and a concealable firearm (Pen. Code, § 12021) is without merit. Both weapons were found in the automobile appellant was driving at the time of his arrest. Appellant was in the exclusive possession of the automobile for a period of two weeks and had the use of it for at least one month. It was reasonable for the jury to infer from this evidence that he had knowledge of the presence of both weapons. ■ The question of knowledge was for the jury and its determination will not be disturbed on appeal. (*People* v. *DePrima*, 172 Cal.App.2d 109, 114 [341 P.2d 840] (firearm); *People* v. *McKinney*, 9 Cal.App.2d 523, 525 [50 P.2d 827] (blackjack); *People* v. *Felix*, 58 Cal.App.2d 646 [137 P.2d 472] (blackjack).)

■ The information charged appellant in count two with possession of a firearm at the time of the attempted robbery on August 6, 1965.[3] (This was not the same weapon found in

---

[3]This issue was not raised by either appellant or respondent.

appellant's car when he was arrested for which he is separately charged in count four.)

Section 654 of the Penal Code provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. . . ."

Even though the sentences are ordered to run concurrently, if they are based on one act or indivisible course of criminal conduct, such sentences constitute multiple punishments. (*In re Wright*, 65 Cal.2d 650 [56 Cal.Rptr. 110, 422 P.2d 998].)

▮ "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal* v. *State of California,* 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) Section 654 of the Penal Code forbids multiple punishments but not multiple convictions. "Where all the offenses were incident to one objective, petitioner may be punished for any one of them but not for more than one. [Citations.] Conduct giving rise to more than one offense within the meaning of section 654 of the Penal Code may result in the initial conviction of two or more crimes, only one of which, the more serious offense, may be punished." (*In re McGrew,* 66 Cal.2d 685, 688 [58 Cal. Rptr. 561, 427 P.2d 161].) ▮ The possession and use of the revolver at the time of the robbery by appellant (count two, possession of firearm by a convicted felon) was indivisible from the attempted robbery. (*In re Grossi,* 248 Cal.App. 2d 315 [56 Cal.Rptr. 375].) It is the less severely punishable offense and falls within the proscription of section 654 of the Penal Code so far as the penalty is concerned. (*In re Wright, supra,* at p. 656.)

The penalty sentence following conviction as to count two is set aside.

The judgment is affirmed in all other respects.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 28, 1967.