Odorico LOPEZ, Petitioner,

v.

Walter E. CRAVEN, Respondent.

Civ. No. 69–221.

United States District Court
C. D. California.

July 21, 1969.

Odorico Lopez, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Allen A. Haim, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

ORDER DENYING PETITION
FOR
WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California State prisoner who was convicted of a violation of California Health and Safety Code,

Section 11531 (selling marijuana) in the Ventura County Superior Court on September 2, 1964. He admitted two prior convictions; one was a Texas conviction in 1938 and the other was a 1953 conviction in Ventura County.

Petitioner later filed an application for writ of habeas corpus in the Sacramento County Superior Court alleging that the prior convictions were constitutionally invalid. The Sacramento County Superior Court found that the 1938 Texas conviction was of questionable validity because petitioner's allegation of lack of representation by counsel could not be refuted by the records; nor did the records indicate an effective waiver of counsel. Consequently, that court granted the writ and directed the Ventura County Superior Court to redetermine petitioner's status as affected by the validity or invalidity of the 1938 Texas conviction, following the procedure outlined by the California Supreme Court in the *Woods, Luce,* and *Tucker* cases. (In re Woods, 64 Cal.2d 3, 48 Cal.Rptr. 689, 409 P.2d 913 (1966); In re Luce, 64 Cal.2d 11, 48 Cal.Rptr. 694, 409 P.2d 918 (1966); and In re Tucker, 64 Cal.2d 15, 48 Cal.Rptr. 697, 409 P.2d 921 (1966) ).

Petitioner contends:

(1) that his case must be resubmitted to the Grand Jury and not to the Superior Court which sentenced him;

(2) that a redetermination of his sentence by the Ventura Superior Court violates the Fifth Amendment guarantee against double jeopardy; and

(3) that the Ventura Superior Court lost jurisdiction to redetermine his status by virtue of the Statute of Limitations (Calif. Penal Code Section 800).

After reviewing the Petition for Writ of Habeas Corpus, the Response, the Traverse, the opinion and order of the Sacramento Superior Court, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons:

(1) Petitioner's first contention, that his case was improperly returned to the Ventura Superior Court for a redetermination of his status, is clearly without merit. Petitioner is apparently confused as to the difference between an indictment which charges a person with a crime and the sentencing procedure which determines the proper punishment for one who has been convicted of a crime. The purpose of permitting evidence of prior convictions is to assist the sentencing judge in prescribing the proper term of imprisonment and to assist the parole board in its considerations of the prisoner's rehabilitative processes; it in no way reflects upon or influences the judgment of conviction. The matter at hand does not involve the remedying of a defective indictment which improperly charged petitioner. Rather, it involves a redetermination of petitioner's status for the purpose of securing the proper punishment under the law for the crime for which he has been convicted.

In the instant case, the sale of marijuana is punishable by incarceration in California State Prison for a term of from five years to life, and where there is no prior conviction (as described in Health and Safety Code, Section 11531) the defendant is eligible for parole when he has served three years. When there has been one prior conviction of certain felony offenses, the defendant receives the same term of imprisonment, from five years to life, but is not eligible for parole until he has served five years. In those cases where the defendant has two prior convictions of those certain felonies he is punishable by imprisonment in the California State Prison for a term of from ten years to life and is not eligible for parole until he has served ten years. (Cal. Health and Safety Code, § 11531).

Thus it is clear that after finding that the 1938 Texas conviction was of questionable constitutional validity, the Sacramento Superior Court was cor-

rect in directing the sentencing court to redetermine petitioner's status. California law requires that to the extent that statutory machinery relating to penal status or severity of sanctions is activated by the pressure of prior convictions, it is imperative that the constitutional basis of such convictions be examined if challenged by proper allegations. In re Caffey, 68 Cal.2d 762, 773, 69 Cal.Rptr. 93, 441 P.2d 933 (1968); In re Woods, 64 Cal.2d 3, 7–8, 48 Cal.Rptr. 689, 409 P.2d 913 (1966). Petitioner's contention is without merit since a review of his status, and the possibility that the Texas conviction may be stricken, will not result in a change in the initial charge against petitioner and since an adjudication of his habitual criminal status is not a part of the judgment of conviction. In re McVickers, 29 Cal.2d 264, 270–271, 176 P.2d 40 (1946).

■ (2) Petitioner's second contention, that a redetermination of his sentence by the Ventura County Superior Court violates the Fifth Amendment guarantee against double jeopardy, is not a sound argument because a prior conviction is not a part of the offense charged. Habitual offender or recidivist statutes have been held valid against any number of such charges, as evidenced by Mr. Justice Harlan's majority opinion in Spencer v. Texas, 385 U.S. 554, 560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967):

"Such statutes * * * have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities."

■ (3) Petitioner's final contention is that the Ventura County Superior Court lost jurisdiction to redetermine his status by virtue of the Statute of Limitations prescribed in Cal. Penal Code, section 800. Section 800 provides that: "An indictment * * * must be found, and information filed within three years after its commission."

Basically, petitioner claims that once the Sacramento County Superior Court granted the writ and returned the case to the Ventura County Superior Court, the case had to be resubmitted to the Grand Jury for indictment, at a date when the three-year Statute of Limitations had already terminated on September 2, 1967.

Once again, this contention reveals petitioner's inability to comprehend the distinction between an indictment and the use of a prior conviction to increase punishment. Since petitioner was properly indicted and convicted of a substantive offense, an order directing a redetermination of his punishment does not require that new charges be brought against him.

For the foregoing reasons, and it clearly appearing that an evidentiary hearing is not required, this Court finds that petitioner is not entitled to any relief.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.