[Crim. No. 21240. Second Dist., Div. Two. Aug. 3, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
EARL ANTHONY MARTINEZ, Defendant and Respondent.

132

COUNSEL

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, Jaime Corral and Leighton A. Nugent, Deputy Public Defenders, for Defendant and Respondent.

OPINION

**FLEMING, J.**—The People appeal an order of the superior court setting aside an information charging Earl Anthony Martinez with receiving stolen property. The issue is whether there was sufficient evidence, outside of Anthony's own extrajudicial statements, to establish the corpus delicti of the crime charged, receiving a stolen toaster and a stolen blender.

The following evidence was introduced at the preliminary hearing:

Mrs. Manuela Perez testified that she was away from her home in East Los Angeles from about noon to 5:30 p.m. on 9 September 1971, and that when she returned her home had been ransacked and a television, a toaster, and a liquidizer were missing.

Mrs. Carmen Rosales testified that at 3 or 3:30 p.m. on 9 September 1971 she saw four girls enter Mrs. Perez's home and leave with a television, a radio, a toaster, and a liquidizer. At 5 or 5:30 Martinez and one of the four girls entered the house. The girl came right out again. Martinez

stayed inside for about five minutes and left carrying nothing. Later that afternoon, Mrs. Rosales directed police to where Martinez was, in front of a bar with two of the girls who had entered the house, and the police arrested Martinez.

Police Sergeant Packer testified that he and another officer interviewed Martinez at the East Los Angeles jail at 2 p.m. on 10 September 1971. They advised Martinez of his constitutional rights, and Martinez said he wanted to talk about the case. They told him he had been arrested for burglary and asked him to recount the events of the prior afternoon. Martinez said some girls came to him with a toaster and a blender which they said they had just stolen from around the corner. He asked them for the blender and toaster, they gave them to him and left. Martinez said he gave the toaster and blender to his partner to dispose of.

■ A defendant cannot be held to answer unless the corpus delicti of the offense with which he is charged is established independently of his extrajudicial statements. (*Iiams* v. *Superior Court,* 236 Cal.App.2d 80, 81 [45 Cal.Rptr. 627].) ■ Essential to establishing the corpus delicti of receiving stolen property is proof that *someone* received the stolen property. (*People* v. *Vallee,* 7 Cal.App.3d 167, 171-172 [86 Cal.Rptr. 475].) ■ Absent Martinez's own statement, there is absolutely no evidence of that element of the crime. The testimony of Mrs. Rosales indicated that four girls, the thieves, came out of Mrs. Perez's house with the stolen property. Two hours later Martinez went into Mrs. Perez's house with one of the girls and came out of the house five minutes later with nothing in his hands. The evidence established that there was stolen property, but the record is devoid of evidence to suggest that *anyone* received the stolen property.

The People rely on *People* v. *Marquez,* 237 Cal.App.2d 627, 633-637 [47 Cal.Rptr. 166], and subsequent cases, which hold that although ordinarily a thief cannot be guilty of receiving the property he has stolen, the prosecution need not affirmatively establish that a defendant found in possession of stolen property did not also steal the property. The People argue from that premise, apparently, that therefore whenever a defendant is not shown to have been a thief, he can be charged with receiving stolen property. This logic is absurd. There still must be some evidence of the basic elements of the crime charged. In every case relied on by the People, there was proof that the defendant was found in possession. There is no such proof in the instant case.

The People argue that theft and receiving stolen property "are treated by our law as virtually degrees of the same offense, so that once the basic

theft has been shown, admissions may be received without violating the corpus delicti rule, to show a defendant's exact role in the over-all transaction." We disagree. The law treats theft and receiving stolen property as inconsistent offenses: cases relied on by the People (*Marquez*) hold that a defendant cannot ordinarily be guilty both of stealing property and of receiving that stolen property.

The order is affirmed.

Roth, P. J., and Herndon, J., concurred.