[Crim. No. 24418. Second Dist., Div. Two. June 20, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
OSWALD SAMUEL REEVES, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Michael Tynan and A. Jane Fulton, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

FLEMING, J.—The People appeal an order of the superior court setting aside an information which charged Oswald Samuel Reeves with possession of a sawed-off shotgun on or about 28 July 1973. (Pen. Code, § 12020.)[1]

---

[1]At the time of the offense, Penal Code section 12020 provided as follows: "Any person in this state who manufactures or causes to be manufactured, imports into the state, keeps for sale, or offers or exposes for sale, or who gives, lends, or possesses any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, sawed-off shotgun, or metal knuckles, or who carries concealed upon his person any explosive substance, other than fixed ammunition or who carries concealed upon his person any dirk or dagger, is guilty of a felony, and upon conviction shall be punishable by imprisonment in the county jail not exceeding one year or in a state prison for not less than one year nor more than five years.

"As used in this section a 'sawed-off shotgun' means a shotgun having a barrel or barrels of less than 18 inches in length, or a rifle having a barrel or barrels of less than 16 inches in length, or any weapon made from a rifle or shotgun (whether by

The question is whether the evidence, independently of Reeves' extrajudicial confession, sufficiently establishes the corpus delicti of possession of a sawed-off shotgun.

The evidence shows that at 4 a.m. on 28 July 1973 codefendant Conrad Robinson fired a shotgun at a passing automobile at the intersection of Spaulding and Adams Boulevard in Los Angeles. As police officers pursued, Robinson ran into an alley and then came out of the alley with his hands up. In the alley a few yards away the officers found a shotgun with a 14¾-inch barrel. On 30 July 1973 defendant Reeves went to the Wilshire police station and volunteered to a police officer that on the night of the shooting he had been at a party with Robinson and, after an argument at the party, he and Robinson went to get a gun. The officer asked, "Whose gun is it?" and Reeves replied, "It's my gun. We went to my house."

■ A defendant cannot be held to answer unless the evidence establishes, independently of his extrajudicial statements, the corpus delicti of the crime with which he is charged. (*People* v. *Martinez,* 27 Cal.App.3d 131, 133 [103 Cal.Rptr. 451].) But the independent evidence need show only that a crime has been committed by someone. Proof of the corpus delicti does not require proof of the identity of the perpetrator of the crime, nor proof that the defendant committed the crime. (*People* v. *Cobb,* 45 Cal.2d 158, 161 [287 P.2d 752]; *People* v. *Westfall,* 198 Cal.App.2d 598, 601-602 [18 Cal.Rptr. 356].) The corpus delicti of murder, for example, consists of proof of the death of a person and the existence of some criminal agency as the cause. (*People* v. *Amaya,* 40 Cal.2d 70, 75 [251 P.2d 324].) ■ In the instant case, the existence of the sawed-off shotgun alone established the corpus delicti of the offense of possession of a sawed-off shotgun. From the current active existence of the sawed-off shotgun it necessarily follows that someone sawed it off and someone possessed it. (Cf. *People* v. *McKinney,* 9 Cal.App.2d 523, 524 [50 P.2d 827]; *People* v. *Westfall,* 198 Cal.App.2d 598, 601 [18 Cal.Rptr. 356].) Because possession alone establishes the crime, the prosecution need not show an intent to use the weapon unlawfully. (*People* v. *Stinson,* 8 Cal.App.3d 497, 501 [87 Cal.Rptr. 537].)

We therefore conclude that the evidence before the magistrate established sufficient cause to hold Reeves to answer on the charge of possession of a sawed-off shotgun because, (1) the existence of the sawed-off shotgun was self-evident, and (2) Reeves' statement to a police officer that he owned

alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches."

the shotgun and he and Robinson went to get it shortly before its use supported the inference that Reeves possessed the shotgun at the time charged in the information. It remains for the trier of fact to determine the reliability of Reeves' confession and the sufficiency of the evidence of possession beyond a reasonable doubt. (*People* v. *McKinney,* 9 Cal.App.2d 523, 524-525 [50 P.2d 827].)

The order is reversed.

Roth, P. J., and Beach, J., concurred.