[No. H004603. Sixth Dist. May 24, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
BENIGNO ZAMORA SANCHEZ, Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Blair W. Hoffman and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Appellant.

Miguel A. Hernandez for Defendant and Respondent.

## OPINION

AGLIANO, P. J.—Pursuant to Penal Code section 1238, subdivision (a)(8)[1], the People appeal from the trial court's order dismissing the information charging defendant Benigno Zamora Sanchez in count III with possession of a concealable firearm by a person previously convicted of assault with a deadly weapon or force likely to produce great bodily injury (Pen. Code, § 12021.1).[2] For the reasons set forth below, we reverse the order of dismissal.

Since the facts relating to the offense are not relevant to any issue presented on appeal, we need not review them.

*Mootness*

■ Defendant contends this appeal is moot because the underlying prior conviction has, in the interim, been declared invalid. Count III of the information charged that defendant was in violation of section 12021.1 in that on October 22, 1987, he was in possession of various concealable firearms, he having suffered a prior conviction of a violent offense, to wit, assault with a deadly weapon or force likely to produce great bodily injury. (§ 245, subd. (a).) On May 25, 1988, the superior court granted defendant's

[1] Section 1238, subdivision (a)(8), provides: "An appeal may be taken by the people from any of the following: [¶] An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

[2] All further statutory references are to the Penal Code unless otherwise noted.

petition for writ of habeas corpus, declaring the prior conviction of section 245, subdivision (a) invalid because defendant had not been advised of the possibility of deportation as a result of his plea of nolo contendere. (§ 1016.5, subd. (a); see also *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) The People did not appeal this order. The order does not alter the fact, however, that defendant stood convicted of the crime when he possessed the firearms.

In *People* v. *Harty* (1985) 173 Cal.App.3d 493 [219 Cal.Rptr. 85], the defendant entered a plea of guilty to, inter alia, possession of a concealable firearm after having been previously convicted of a felony (§ 12021) on condition that the trial court find the alleged prior conviction to be true. The defendant's motion to strike the prior conviction on *Boykin-Tahl* grounds was denied. The reviewing court held that a subsequently determined invalidity of the underlying prior felony conviction was not a defense to possession of a concealable weapon by a felon (§ 12021), observing that "[i]n analogous circumstances, California courts have repeatedly held that defendants charged with crimes based on their prisoner status may be convicted of such offenses notwithstanding the invalidity of the conviction upon which the prisoner status was based. [Citations.]" (*Id.* at p. 499.) The *Harty* court relied on *Lewis* v. *United States* (1980) 445 U.S. 55 [63 L.Ed.2d 198, 100 S.Ct. 915], in which the United States Supreme Court interpreted a federal statute similar to section 12021 and held that the statute prohibited a previously convicted felon from possessing a firearm even though his prior conviction had been obtained in violation of his Sixth Amendment right to counsel. " 'The federal gun laws, however, focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons. Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational.' [Citations.]" (*Id.* at pp. 499-500.)

Similarly the violation of section 12021.1 here is based on defendant's membership in a class of persons who are unable to legally possess firearms and thus the subsequent invalidity of the underlying prior conviction provides no defense to the instant charges.

*People* v. *Norton* (1978) 80 Cal.App.3d Supp.14 [146 Cal.Rptr. 343], upon which defendant relies, is distinguishable. In that case, the court held that in a prosecution for a violation of section 12021 where the defendant challenges the validity of the prior felony conviction, the People must prove the defendant was represented by counsel in the prior case or that he or she

waived that right. (*Id.* at p. 24.) No such challenge has been made in the instant case. Further, *People* v. *McGinnis* (1967) 249 Cal.App.2d 613 [57 Cal.Rptr. 661], also cited by defendant, concluded the underlying prior conviction was valid and thus did not reach the specific issue raised here.

*Right of Appeal*

■ Defendant contends the People have no right to appeal in the instant case because the trial court's dismissal of count III was an acquittal. At issue then is whether the "hearing" of April 6, 1988, was a court trial or a hearing on a section 995 motion.

Defendant made a section 995 motion which was denied on February 17, 1988. He later waived his right to a jury trial solely on count II. On April 6, 1988, the date set for trial, the proceedings began with the following exchange: The court: "[U]nless you take exception to this, that the motions before the Court at this time . . . the first motion would be a motion to strike the prior? [¶] [Defense Counsel]: That's right. [¶] The Court: And then, then there also would be a motion as a 995 concerning the 12021—[¶] [Defense Counsel]: 1." The People did not present any evidence at the "hearing." After defendant finished his argument, the court responded as follows: "Well, it's not a question of finding the Defendant guilty or not, it's really a 995 motion as to whether there's evidence enough—or whether this motion should be considered. Okay, give me about ten minutes and I'll be back. [¶] (Recess accordingly, 11:35 to 11:45 a.m.) [¶] The Court: The Court has considered all the documents filed in this matter and has reviewed the various sections, and is under the impression that the Legislature was not contemplating misdemeanor [*sic*] under this section, therefore grants the 995."

The record establishes there was no court trial on count III and thus this appeal is authorized under section 1238, subdivision (a)(8), as an appeal taken from an order dismissing an action before jeopardy has attached.

*Statutory Construction*

■ Defendant was charged with possession of a concealable firearm by a person previously convicted of assault with a deadly weapon or force

likely to produce great bodily injury. (§ 12021.1, subd. (b)(24).)[3] Assault with a deadly weapon or force likely to produce great bodily injury may be charged or punished as either a felony or a misdemeanor. (§§ 17, subd. (b), 245, subd. (a)(1).) In the instant case, defendant was convicted of a misdemeanor violation of section 245, subdivision (a)(l). The trial court concluded section 12021.1 applied only to felony violent offenses and dismissed count III.

■ "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288]; see also *People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].) Courts give words their usual, ordinary, and commonsense meaning. (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].)

■ Defendant claims the statute is applicable only to specified prior *felony* convictions. However, the language of section 12021.1 is clear and unambiguous. It uses the term "violent offense" and then specifies which "violent offenses" are included within its provisions. While certain portions

---

[3] Section 12021.1 stated: "(a) Notwithstanding the provisions of subdivision (a) of Section 12021, any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punished by imprisonment in a county jail for at least six months and not exceeding one year, or by imprisonment in the state prison. If probation is granted or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail. [¶] (b) As used in this section, a violent offense includes any of the following: [¶] (1) Murder or voluntary manslaughter. [¶] (2) Mayhem. [¶] (3) Rape. [¶] (4) Sodomy by force, violence, duress, menace, or threat of great bodily harm. [¶] (5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm. [¶] (6) Lewd acts on a child under the age of 14 years. [¶] (7) Any felony punishable by death or imprisonment in the state prison for life. [¶] (8) Any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, which has been charged and proven, or any felony in which the defendant uses a firearm which use has been charged and proven. [¶] (9) Attempted murder. [¶] (10) Assault with intent to commit rape or robbery. [¶] (11) Assault with a deadly weapon or instrument on a peace officer. [¶] (12) Assault by a life prisoner on a noninmate. [¶] (13) Assault with a deadly weapon by an inmate. [¶] (14) Arson. [¶] (15) Exploding a destructive device or any explosive with intent to injure. [¶] (16) Exploding a destructive device or any explosive causing great bodily injury. [¶] (17) Exploding a destructive device or any explosive with intent to murder. [¶] (18) Robbery. [¶] (19) Kidnapping. [¶] (20) Taking of a hostage by an inmate of a state prison. [¶] (21) Attempt to commit a felony punishable by death or imprisonment in the state prison for life. [¶] (22) Any felony in which the defendant personally used a dangerous or deadly weapon. [¶] (23) Escape from a state prison by use of force or violence. [¶] (24) Assault with a deadly weapon or force likely to produce great bodily injury. [¶] (25) Any attempt to commit a crime listed in this subdivision other than an assault. [¶] (26) Any offense enumerated in Section 12001.6. . . ."

of section 12021.1, subdivision (b), refer to felonies, there is no language referring to the enumerated offenses in general which restricts application of the statute to felonies. Thus, an individual who possesses a concealable firearm and has been previously convicted of either a misdemeanor or a felony violation of section 245 defined as a "violent offense" violates the section. (See *Selected 1982 California Legislation, Criminal Procedure* (1982) 14 Pacific L.J. 575: "Chapter 136 creates a minimum six month sentence for *any* person who has been convicted of a *specified violent offense* [fn. omitted] and who also owns or possesses a concealable [fn. omitted] firearm [fn. omitted]" (italics added); 18 Cal.Jur.3d (rev.) Criminal Law § 1619, p. 926: "*Any* person who has been previously convicted of any of *certain denominated violent offenses* and who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and must be punished by imprisonment in the county jail for specified minimum and maximum terms, or by imprisonment in the state prison." (Italics added.))

Defendant contends the language of section 12021.1 is ambiguous and thus defendant is entitled to the construction most favorable to him. (*People v. King* (1978) 22 Cal.3d 12, 23 [148 Cal.Rptr. 409, 582 P.2d 1000].) Defendant reads section 12021.1 together with section 12021 and claims they apply to the same group of individuals, convicted felons. Section 12021, subdivision (a), however, applies only when a person has been convicted of a felony or an offense enumerated in section 12001.6 or is addicted to the use of narcotics. The section is applicable regardless of whether the felony is a violent offense.[4]

Defendant argues that since the word "felony" is used in subdivisions (b)(7), (b)(8), (b)(21), and (b)(22), the Legislature intended that the offenses enumerated in the remaining subparagraphs would include only felonies. However, the former subparagraphs do not purport to characterize as felonies the crimes listed in the remaining subparagraphs. ▮ "It is an equally settled axiom that when the drafters of a statute have employed a term in one place and omitted it in another, it should not be inferred where

---

[4]Section 12021, subdivision (a), states in relevant part: "Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or of an offense enumerated in Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison, or in a county jail not exceeding one year or by a fine not exceeding one thousand dollars ($1,000), or by both."

it has been excluded." (*People* v. *Woodhead, supra,* 43 Cal.3d at p. 1010.) ▮ Thus. as section 12021, subdivision (a), demonstrates, had the legislative intent been to restrict section 12021.1 to include only felony violent offenses, the statute would have so stated.

The order dismissing count III is reversed.

Cottle, J., and Elia, J., concurred.