[No. H022634. Sixth Dist. Aug. 14, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK EDWARDS JONES, Defendant and Appellant.

## COUNSEL

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Rene A. Chacon and Bridget Billeter, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAMATTRE-MANOUKIAN, Acting P. J.**—Defendant Mark Edwards Jones pled guilty to failing to register as a sex offender (Pen. Code, § 290, subd. (g)(2)).[1] He also admitted that he had suffered one prior "strike" conviction (§§ 667, subds. (b)-(i), 1170.12) and had served three prior prison terms (§ 667.5, subd. (b)). He was sentenced to a prison term of four years.

On appeal, defendant contends the trial court abused its discretion when it refused to strike his section 290 conviction on the ground that the sex offender registration requirement violates the state and federal constitutional guarantees of equal protection. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.)

We conclude that defendant failed to show that the Legislature had no rational basis for requiring persons convicted of violating section 288a, subdivision (b)(1) (oral copulation with a person under the age of 18) to register as sex offenders under section 290. Therefore, the statute does not offend equal protection as applied to defendant, and the trial court did not abuse its discretion in declining to dismiss defendant's current conviction. We will affirm the judgment.

## I. FACTS

In 1993, defendant was convicted of unlawful sexual intercourse with a person under age 18 (§ 261.5, subd. (a)) and oral copulation with a person under the age of 18 (§ 288a, subd. (b)(1)). According to defendant's motion to dismiss the "strike" as an exercise of the trial court's discretion under section 1385,[2] the two prior convictions stemmed from a nine-month consensual relationship with a 15-year-old girl when defendant was 23 years

---

[1]Unspecified section references are to the Penal Code.

[2]See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].

old. Because of the section 288a, subdivision (b)(1) conviction, defendant was required to register as a sex offender. (§ 290, subd. (a).)[3]

In March 1998, defendant was imprisoned after being convicted of several counts of possessing narcotics. On April 17, 2000, he was released on parole. On April 18, 2000, defendant's parole agent informed him of his duty to register as a sex offender within five days.

On May 5, 2000, the parole office informed the Sexual Assault Felony Enforcement Task Force that defendant had failed to register as a sex offender. Prior to his release from prison, defendant had provided as his intended address the address of his wife, Lisa Bradlau. Officers contacted Bradlau, who said defendant was not living with her, that he was not welcome to do so, and that she had seen him earlier in the week on Monterey Highway near San Jose Avenue. Officers who surveyed that area saw defendant enter room No. 133 of the Whitehouse Inn Motel. Upon his arrest, defendant said he had not registered as a sex offender because he did not have an address.

Defendant was charged, by information, with failing to register as a sex offender (§ 290, subd. (g)(2)). The information alleged that defendant had one "strike" conviction (§§ 667, subds. (b)-(i), 1170.12) and had served three prior prison terms (§ 667.5, subd. (b)). Defendant pled guilty to the substantive charge of failing to register as a sex offender and admitted the special allegations.

Defendant then requested that the trial court dismiss the "strike" as an exercise of discretion under section 1385 pursuant to *People v. Superior Court (Romero), supra,* 13 Cal.4th 497. He also filed a pro se request asking the trial court to exercise its section 1385 discretion to dismiss his section 290 conviction on the ground that the sex offender registration requirement

---

[3]Section 290 states in relevant part: "(a)(1)(A) Every person described in paragraph (2), for the rest of his or her life while residing in, or, if he or she has no residence, while located within California, or while attending school or working in California, as described in subparagraph (G), shall be required to register with the chief of police of the city in which he or she is residing, or if he or she has no residence, is located, or the sheriff of the county if he or she is residing, or if he or she has no residence, is located, in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing, or if he or she has no residence, is located upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence or location within, any city, county, or city and county, or campus in which he or she temporarily resides, or, if he or she has no residence, is located. [¶] . . . [¶]

"(a)(2) The following persons shall be required to register pursuant to paragraph (1): [¶] (A) Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of . . . Section . . . 288a . . . ."

violated his right to equal protection of the law. Defendant argued that section 290 is unconstitutional because it requires a person convicted of violating section 288a, subdivision (b)(1) to register as a sex offender but does not require registration of a person convicted of violating section 261.5, subdivision (a).

The trial court explained its reasoning for denying defendant's motion as follows: "There's one glaring legal concern that you are not necessarily expected to know. You do place a lot of emphasis on the *People v. Felarca* case from our own Sixth District.[4] You do properly point out that that has been ordered depublished. I think that just took place. Very recently the California Supreme Court ordered the opinion depublished. [¶] What the rulings of court say: Once an opinion is depublished, we do have to ignore it. You say we can't ignore it. In fact, we really have to. That case, once it's ordered depublished, it's as good as if it's never been written. You are free to argue the same reasoning as was used in that case; could be used here and should be persuasive. [¶] My conclusion on this motion—again, while this is an interesting legal issue, so far the cases haven't found it an equal protection problem. Just for completeness of today's record, what we are talking about here are several sex offenses, including the two offenses that Mr. Jones was convicted of several years back. One requires registration; the other does not. The [section] 261.5 unlawful sexual intercourse does not require registration, whereas the [section] 288 does. [¶] Certainly the argument is we are ta[l]king about sexual conduct with a person under the—a person eighteen. Is there really a distinction in the law between traditional intercourse and oral sex? The law makes [a] distinction on who should register. I have to presume the Legislature had a rational basis in determining certain categories of sexual offenders are more likely to recidivate than others. [¶] I think to prevail on this motion you have to bring in some evidence to show that's irrational and that's not the case when it comes to recidivism. It would be the same as a conviction of 288. First one 261.5. Obviously you don't have that information, and I am inclined to deny [*sic*] the *Mills* case[5] and some of the other cases that deal with the registration statute. I haven't found an equal protection problem." The trial court then asked defendant, "Do you want to add anything to what's in the written motion itself?" When defendant replied, "No, sir. I pretty much thought it would speak for itself," the trial court told defendant, "Yes, it does. It presents very well. Obviously, if the *Felarca* case had not been depublished, you'd have a winner on this motion."

---

[4]The decision was ordered depublished by the Supreme Court. (*People v. Felarca* (Aug. 6, 1999) H018080, review den. and opn. ordered nonpub. Nov. 10, 1999, S082145.)

[5]*People v. Mills* (1978) 81 Cal.App.3d 171 [146 Cal.Rptr. 411].

## II. DISCUSSION

Defendant contends the trial court "abused its discretion when it refused to strike the section 290 conviction since [he] never should have been required to register in the first place because the registration requirement violated [his] constitutional right to equal protection of the laws." (Capitalization omitted.)

### A. *Waiver*

■ The People argue that defendant has waived his claim on appeal. They first analogize to the rule that "defendants charged with crimes based on their prisoner [or ex-felon] status may be convicted of such offenses notwithstanding the invalidity of the conviction upon which the prisoner [or ex-felon] status was based. [Citations.]" (*People v. Harty* (1985) 173 Cal.App.3d 493, 499 [219 Cal.Rptr. 85] [on appeal from conviction of ex-felon in possession offense, court refuses to consider possible invalidity of prior conviction giving rise to ex-felon status]; see also *People v. Sanchez* (1989) 211 Cal.App.3d 477, 479-481 [259 Cal.Rptr. 294] [despite invalidity of defendant's prior assault conviction, court would not dismiss charge of weapon possession by a person previously convicted of a violent offense]; *Graham v. Superior Court* (1979) 98 Cal.App.3d 880, 889-890 [160 Cal.Rptr. 10] [court would not dismiss charge of assault by a life prisoner despite fact that defendant was resentenced to a term of years].)

The People also argue that defendant's claim is waived because he pled guilty to the current offense. They point out that under section 1237.5, "[m]atters cognizable on appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea. [Citations.]" (*People v. LaJocies* (1981) 119 Cal.App.3d 947, 956 [174 Cal.Rptr. 100].)

However, defendant is not challenging the validity of the prior conviction; nor is he arguing that he is not guilty of violating section 290. Rather, he is appealing the denial of his section 1385 motion, in which he asked the trial court to exercise its discretion to dismiss the section 290 conviction. A defendant may seek review of the denial of a section 1385 motion made after the entry of a guilty plea. (*People v. Lloyd* (1998) 17 Cal.4th 658, 665 [72 Cal.Rptr.2d 224, 951 P.2d 1191].) In *Lloyd*, the court allowed the defendant to proceed with a claim that the trial court erred by denying his section 1385 motion to dismiss his prior conviction, even though he had pled nolo contendere to the substantive charge. The court explained that the exercise of section 1385's authority to dismiss a prior conviction finding "does not call

into question the finding itself or its support." (*Lloyd*, at p. 665.) Here, defendant similarly seeks review of the trial court's decision not to exercise its section 1385 discretion to dismiss his conviction. We find that this claim is not waived.

## B.  *Equal Protection Analysis*

As he argued below, defendant contends that his right to equal protection was violated by the fact that he was required to register as a sex offender due to his conviction of violating section 288a, subdivision (b)(1) (oral copulation with a person under the age of 18), because registration is not required of persons convicted of violating section 261.5, subdivision (a) (unlawful sexual intercourse with a person under the age of 18).[6]

" ' " " 'The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' " ' [Citation.] It is often stated that '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citation.] The use of the term 'similarly situated' in this context refers only to the fact that ' "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." . . .' [Citation.] There is always some difference between the two groups which a law treats in an unequal manner since an equal protection claim necessarily asserts that the law in some way distinguishes between the two groups. Thus, an equal protection claim cannot be resolved by simply observing that the members of group A have distinguishing characteristic X while the members of group B lack this characteristic. The 'similarly situated' prerequisite simply means that an equal protection claim cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the distinction is justified." (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714 [63 Cal.Rptr.2d 173], italics in original.)

The purpose of section 290 is " ' " "to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance

---

[6]We note that although section 290 does not *require* registration of a person convicted of violating section 261.5, subdivision (a), it does provide that registration *may* be imposed on such an offender, in the discretion of the trial court, "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290, subd. (a)(2)(E).) Thus, a person convicted of violating section 261.5, subdivision (a) *may* be subject to the same registration requirements as a person convicted of violating section 288a, subdivision (b)(1).

at all times because the Legislature deemed them likely to commit similar offenses in the future." [Citations.]' [Citation.]" (*People v. Castellanos* (1999) 21 Cal.4th 785, 790 [88 Cal.Rptr.2d 346, 982 P.2d 211].) A person who has violated section 288a, subdivision (b)(1) has engaged in an act of oral copulation with a person under the age of 18. A person who has violated section 261.5, subdivision (a) has engaged in an act of sexual intercourse with a person under the age of 18 who is not the spouse of the perpetrator. Thus, the classification of the offender as one who is subject to section 290's mandatory registration requirement differs based on distinctions in the nature of the sexual act. Defendant claims the purpose of section 290 does not justify making a distinction based on the nature of the sexual act: he claims that persons who engage in oral copulation with a person under the age of 18 and persons who engage in unlawful sexual intercourse with a person under the age of 18 are equally likely to commit similar offenses in the future. "In our view, these two groups are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment." (*People v. Nguyen, supra*, 54 Cal.App.4th at p. 715.)

■ Equal protection claims are subject to two different standards of review. "The strict scrutiny standard of review applies only if a legislative classification involves a suspect classification or significantly infringes upon a fundamental right. [Citation.]" (*Adams v. Commission on Judicial Performance* (1994) 8 Cal.4th 630, 659 [34 Cal.Rptr.2d 641, 882 P.2d 358].) If no suspect classification or fundamental right is involved, "we apply the rational basis test: are the challenged classifications ' "rationally related to a legitimate governmental purpose" '? [Citation.]" (*Id.* at p. 660.)

■ Defendant contends that we should apply the strict scrutiny standard of review, while the People contend that we should apply the rational basis standard of review. Consistent with prior case law, we believe that rational basis review is appropriate.

## 1. *Rational Basis Review*

Section 290 was upheld against an equal protection challenge in *People v. Mills, supra*, 81 Cal.App.3d 171, under the rational basis standard of review. In *Mills*, the defendant was convicted of lewd and lascivious conduct on a child under the age of 14 (former § 288) and was required to register as a sex offender pursuant to section 290. The court rejected his argument that section 290 denied him equal protection of the law because it required registration by persons convicted of some sex offenses, including former section 288, but not by persons convicted of other sex offenses.

The *Mills* court explained that "[a] presumption of constitutionality attends on Penal Code section 290" and that the validity of a statute " 'will not be questioned "unless [its] unconstitutionality clearly, positively, and unmistakably appears." ' [Citation.]" (*People v. Mills, supra,* 81 Cal.App.3d at p. 176.) The court further explained that "[c]ourts should tread lightly when approaching matters within the unique province of the Legislature," such as "[t]he definition of crime and the determination of punishment." (*Id.* at pp. 176-177.)

The *Mills* court noted that although section 290 requires registration by persons convicted of some sex offenses but not by persons convicted of other sex offenses, it is up to the Legislature "to determine the different degrees of gravity, of danger, to society from various types of sex offenses." (*People v. Mills, supra,* 81 Cal.App.3d at p. 180.) The court explained that the Legislature's decision not to make certain sex offenses subject to registration "may be based upon the legislative determination a particular type of offender does not recidivate or recidivates less; some offenses, although touching upon sexual acts, are not so directly concerned or related to the type of conduct which is repetitive, recidivist, in nature." (*Id.* at p. 181.)

The *Mills* court rejected as "unsubstantiated" the defendant's claim that his offense had a low rate of recidivism, explaining: "[T]his is a disputable assertion best left with the Legislature for determination." (*People v. Mills, supra,* 81 Cal.App.4th at p. 180.) The court concluded: "[T]here is a rational basis for Penal Code section 290; to wit: a legitimate state interest in controlling crime and preventing recidivism by sex offenders. The fact all persons who in any way touch upon a violation of sexual mores or behavior are not included would indicate inferentially a legislative distinction is drawn. Mills does not carry his burden to establish the lack of rational relationship at least as to people who violate Penal Code section 288 and are thereby required to register." (*Id.* at p. 181.)

*Mills* makes it clear that defendant has the burden of showing that there is no rational basis for the legislative determination that persons who violate section 288a, subdivision (b)(1) are likely to be recidivists and should be required to register as sex offenders under section 290. Here, there is nothing in the record before us to support defendant's claim that requiring registration of persons convicted of section 288a, subdivision (b)(1) is not rationally related to the legitimate state interest served by section 290: " ' "to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future." [Citations.]' [Citation.]" (*People v. Castellanos, supra,* 21 Cal.4th at p. 790.)

Applying the rational basis standard, we conclude that defendant "does not carry his burden" (*People v. Mills, supra*, 81 Cal.App.3d at p. 181) and that section 290 does not violate defendant's right to equal protection of the law.

### 2. *Strict Scrutiny*

■ Defendant contends that we should apply the strict scrutiny standard of review in determining whether section 290 violates equal protection. However, he cites no case applying the strict scrutiny standard of review to a sex offender registration statute, and our research indicates that courts have consistently applied the rational basis standard of review to such statutes. (E.g., *State v. Martin* (Alaska Ct.App. 2001) 17 P.3d 72, 75 [with respect to Alaska's Sex Offender Registration Act, "no suspect class is involved, nor is any fundamental right"]; *Lanni v. Engler* (E.D.Mich. 1998) 994 F.Supp. 849, 855 [defendant challenging Michigan's Sex Offender Registration Act "has failed to demonstrate that he is a member of any suspect class or that the Act jeopardizes a fundamental right"]; *Cutshall v. Sundquist* (6th Cir. 1999) 193 F.3d 466, 482-483 [applying rational basis test to Tennessee Sex Offender Registration and Monitoring Act]; *Artway v. Attorney General of the State of N. J.* (3d Cir. 1996) 81 F.3d 1235, 1267 [New Jersey's Megan's Law "does not implicate a fundamental constitutional right for which the Supreme Court has granted heightened equal protection scrutiny."]; *Doe v. Poritz* (1995) 142 N.J. 1, 92-93 [66 A.2d 367, 414, 36 A.L.R.5th 711] [stating, in addressing equal protection challenge to New Jersey's Megan's Law, that "classifying offenders according to the offense committed is subject to rational basis analysis"].)

Defendant first contends that strict scrutiny is appropriate because he is being incarcerated for violating section 290. In making this assertion, he cites *People v. Olivas* (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375] (*Olivas*), where the defendant challenged a juvenile offender commitment scheme that resulted in greater incarceration than would be imposed for an adult offender. The court applied the strict scrutiny standard because the subject of the classification was incarceration, "a most basic form of personal liberty deprivation." (*Id.* at p. 245.)

The classification at issue here is quite distinguishable from the classifications at issue in *Olivas* and other cases presenting challenges to sentencing schemes, where strict scrutiny analysis has been applied. (See *People v. Nguyen, supra*, 54 Cal.App.4th 705 [challenge to "Three Strikes" sentencing scheme]; *People v. Murray* (1994) 23 Cal.App.4th 1783, 1792 [29 Cal.Rptr.2d 42] [double-the-base-term limit of § 1170.1 as applied to mixed

felony and misdemeanor sentences]; *In re Jiminez* (1985) 166 Cal.App.3d 686, 691-692 [212 Cal.Rptr. 550] [conduct credits for misdemeanants housed at CRC (California Rehabilitation Center)]; *People v. Poole* (1985) 168 Cal.App.3d 516, 525 [214 Cal.Rptr. 502] [work-time credits for presentence custody].) The subject of the classification at issue here is registration of sex offenders, not incarceration.

My concurring opinion in *People v. Nguyen, supra,* 54 Cal.App.4th 705, observed: "I am not convinced, however, that *People v. Olivas*[, *supra,*] 17 Cal.3d 236 . . . requires application of the strict scrutiny standard here solely on the basis that a criminal defendant is facing incarceration. [Citation.] I understand *Olivas* to establish only that persons convicted of the same crime and otherwise similarly situated should not be punished differently absent a compelling state interest. Equal protection does not require equal treatment of convicts with different criminal histories. [Citations.] Strict scrutiny is not implicated simply because the Legislature has provided for the potential incarceration of future lawbreakers by defining a crime and distinguishing degrees of culpability. [Citations.]" (*People v. Nguyen, supra,* 54 Cal.App.4th at p. 720 (conc. opn. of Bamattre-Manoukian, J.).)

Other courts have similarly observed that *Olivas* does not require "courts to subject all criminal classifications to strict scrutiny requiring the showing of a compelling state interest therefor. [Citation.]" (*People v. Davis* (1979) 92 Cal.App.3d 250, 258 [154 Cal.Rptr. 817].) The registration classification here is more analogous to the legislative classification of certain crimes into particular categories (e.g., *People v. Davis, supra,* 92 Cal.App.3d at p. 258 [cocaine classified as a narcotic rather than as a stimulant]) or classification of certain acts as criminal while other similar acts are not criminalized (e.g., *People v. Mitchell* (1994) 30 Cal.App.4th 783, 795-796 [36 Cal.Rptr.2d 150] [possession of over $100,000 to purchase drugs]; *People v. Bell* (1996) 45 Cal.App.4th 1030, 1048-1049 [53 Cal.Rptr.2d 156] [rent-skimming involving residential property within certain time periods].)

Defendant next contends that strict scrutiny is the appropriate standard of review because his liberty and privacy interests are implicated not by the fact that he must register as a sex offender under section 290, but by his further classification as a serious sex offender under section 290.4, subdivision (a)(1). Specifically, he refers to the fact that he is potentially subject to community notification pursuant to section 290, subdivision (m),[7] and the

---

[7]Under section 290, subdivision (m), a peace officer who "reasonably suspects . . . that a child or other person may be at risk from a sex offender convicted of a crime listed in paragraph (1) of subdivision (a) of Section 290.4" may provide information about the

fact that he is subject to the information dissemination provisions of section 290.4.[8]

We need not reach the question whether defendant's classification as a serious sex offender under section 290.4, subdivision (a) implicates a fundamental interest. Defendant is challenging his classification, under section 290, subdivision (a), as a person who must register as a sex offender. In examining whether that particular classification violates equal protection, we look to the interests that are implicated by that classification—whether he should be required to register at all. As stated above, we apply strict scrutiny "only if a legislative classification involves a suspect classification or significantly infringes upon a fundamental right. [Citation.]" (*Adams v. Commission on Judicial Performance, supra*, 8 Cal.4th at p. 659.)

The classification of persons who are potentially subject to community notification pursuant to section 290, subdivision (m) and who are included in the information dissemination provisions of section 290.4 is determined by reference to section 290.4, subdivision (a)(1). This classification applies only after a person is found to come within the classification set forth in section 290, subdivision (a). Defendant's classification as a registrant under section 290, subdivision (a) is what he challenged in the trial court.

Defendant has failed to demonstrate that the classification of persons required to register as sex offenders under section 290, subdivision (a) involves a suspect classification or significantly infringes upon a fundamental right. Therefore, the strict scrutiny standard is not applicable.

---

offender to institutions, establishments, and organizations "that primarily serve individuals likely to be victimized by the offender," as well as to "[o]ther community members at risk." (§ 290, subd. (m)(1)(A) & (B).) The information that may be released includes the offender's name, physical description, photograph, address, license plate number, and crimes resulting in registration. (§ 290, subd. (m)(4).)

[8]Under section 290.4, the Department of Justice (DOJ) must continually compile information about specified sex offender registrants, including persons who are required to register for convictions of section 288a. (§ 290.4, subd. (a)(1).) Section 290.4 requires the DOJ to operate "a '900' telephone number that members of the public may call [for a fee] and inquire whether a named individual is listed . . . ." (§ 290.4, subd. (a)(3).) The DOJ must provide to local law enforcement agencies "a CD-ROM or other electronic medium" containing information about the offender, which must be made available for public viewing. (§ 290.4, subd. (a)(4)(A).) Information provided by the CD-ROM or other electronic medium may not include the offender's address, employer, or criminal history other than the crime(s) resulting in registration. (*Ibid.*) In order to view the CD-ROM or other electronic medium, a person may be required to state "an articulable purpose." (*Ibid.*) The person must present identification and sign a statement indicating "that he or she understands the purpose of the release of information is to allow members of the public to protect themselves and their children from sex offenders, and he or she understands it is unlawful to use information obtained from the CD-ROM or other electronic medium to commit a crime against any registrant or engage in illegal discrimination or harassment of any registrant." (*Ibid.*)

We conclude that under the rational basis standard of review, requiring defendant to register as a sex offender pursuant to section 290 did not violate his right to equal protection. Therefore, we conclude that the trial court did not abuse its discretion by denying defendant's section 1385 motion to dismiss his conviction of failing to register as a sex offender.

### III. DISPOSITION

The judgment is affirmed.

Rushing, J., concurred.

**MIHARA, J.**—I dissent.

Penal Code section 290[1] states in relevant part: "(a)(1)(A) Every person described in paragraph (2), for the rest of his or her life while residing in . . . California . . . shall be required to register with the chief of police of the city in which he or she is residing, . . . within five working days of coming into . . . any city, county, or city and county . . . in which he or she temporarily resides . . . . [¶] (2) The following persons shall be required to register pursuant to paragraph (1): [¶] (A) Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of . . . Section . . . 288a . . . ." Section 290 thus requires any person convicted of violating section 288a, subdivision (b)(1) to register as a sex offender. (§ 290, subd. (a)(1)(A), (2)(A).) Section 288a, subdivision (b)(1) provides that it is a felony for any person to engage in an act of oral copulation with a person under the age of 18.[2] A person convicted of this statute may not obtain relief from the registration requirement under any circumstances other than a "full pardon." (§§ 290.5, subd. (b)(1), 290.4, subd. (a)(1).)

Section 261.5, subdivision (a) provides that it is a crime for a person to engage in an act of sexual intercourse with a person under the age of 18 who is not the spouse of the perpetrator.[3] Section 290 does not require a person convicted of violating section 261.5, subdivision (a) to register as a sex offender.

In this case, prior to sentencing, defendant filed a pro per request asking the trial court to exercise its section 1385 discretion to dismiss on the ground that the sex offense registration requirement violated his constitutional right to equal protection of the law.

---

[1]All further statutory references are to the Penal Code unless otherwise specified.
[2]The punishment for this offense is a state prison term of 16 months or 2 or 3 years. (§ 18.)
[3]The punishment for this offense is a state prison term of 16 months or 2 or 3 years. (§ 18.)

The trial court noted that, in his written motion, defendant had placed "a lot of emphasis on the *People v. Felarca* case from our own Sixth District." The court acknowledged that defendant properly had pointed out that the case had been ordered depublished. Commenting that the *Felarca* opinion had been ordered depublished, the court explained to the defendant that he could not cite it or rely upon it, but that he was "free to argue the same reasoning as was used in that case."

Noting that it was considering two sex offenses committed against a person under age 18 and that "[t]he 261.5 unlawful sexual intercourse does not require registration, whereas the 288 does," the trial court pondered, "Is there really any distinction in the law between traditional intercourse and oral sex?" The court did not directly answer its own question; instead, it reasoned as follows: "The law makes distinction on who should register. I have to presume the Legislature had a rational basis in determining certain categories of sexual offenders are more likely to recidivate than others. [¶] I think to prevail on this motion you have to bring in some evidence to show that's irrational and that's not the case when it comes to recidivism. It would be the same as a conviction of 288. First one 261.5. Obviously you don't have that information, and I am inclined to deny the *Mills* case and some of the other cases that deal with the registration statute. I haven't found an equal protection problem."

When the court asked if defendant wished to add anything to what he had presented in his written motion, defendant responded, "No, sir. I pretty much thought it would speak for itself." The trial court replied, "Yes, it does. It presents very well. Obviously if the *Felarca* case had not been depublished, you'd have a winner on this motion."

Defendant seeks review of the trial court's decision not to exercise its section 1385 discretion to dismiss defendant's conviction. I agree with the majority that defendant is entitled to seek review of the denial of his 1385 motion made after the entry of his guilty plea. (*People v. Lloyd* (1998) 17 Cal.4th 658, 665 [72 Cal.Rptr.2d 224, 951 P.2d 1191].)

However, although our *Felarca* opinion was ordered depublished, I continue to adhere to its reasoning and its conclusions. Accordingly, I would again hold that there is no rational basis for distinguishing between sex offenders who engage in substantial sexual conduct with those under age 18 on the ground that one class of offenders has engaged in oral copulation and the other has engaged in sexual intercourse.

" ' " 'The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' " ' . . . It is often stated that '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' . . . The use of the term 'similarly situated' in this context refers only to the fact that ' "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." . . .' . . . There is always some difference between the two groups which a law treats in an unequal manner since an equal protection claim necessarily asserts that the law in some way distinguishes between the two groups. Thus, an equal protection claim cannot be resolved by simply observing that the members of group A have distinguishing characteristic X while members of group B lack this characteristic. The 'similarly situated' prerequisite simply means that an equal protection claim cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the distinction is justified." (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714 [63 Cal.Rptr.2d 173], citations omitted.)

Here the elements of section 288a, subdivision (b)(1) and section 261.5, subdivision (a) are essentially identical except that one prohibits oral copulation and the other sexual intercourse. Both prohibit substantial sexual conduct with a minor under the age of 18. However, a violation of section 288a, subdivision (b)(1) requires sex offender registration and a violation of section 261.5, subdivision (a) does not. In our view, the two groups of violators are sufficiently similar to merit some level of scrutiny in order to determine whether registration is justified for one group, but not the other.

In analyzing an equal protection challenge, the question of the appropriate standard of review turns on whether the interest affected by the distinction is one that is considered "fundamental." (*People v. Nguyen, supra,* 54 Cal.App.4th 705, 715-716.) "Where the right affected by the classification is not constitutionally protected, the classification need only be rationally related to a legitimate state purpose in order to withstand equal protection scrutiny." (*People v. Leung* (1992) 5 Cal.App.4th 482, 494 [7 Cal.Rptr.2d 290].)

Even assuming that requiring a person to register as a sex offender for the rest of his or her life does not affect that person's "fundamental" or

"constitutionally protected" rights, a distinction between the two statutes cannot be justified. The legislative purpose of section 290 is to assure that persons convicted of specified sex offenses "shall be readily available for police surveillance at all times. The Legislature has deemed such persons likely to commit similar offenses in the future and upon this basis the registration is required. [Citation.]" *(People v. Mills* (1978) 81 Cal.App.3d 171, 176 [146 Cal.Rptr. 411].) Requiring those who engage in oral copulation with those under age 18 to register as sex offenders, but making no such requirement for those who engage in sexual intercourse with those under age 18 is a distinction without any rational support. Since the classification does not withstand equal protection scrutiny, the registration requirement for those who violate section 288a, subdivision (b)(1) must be stricken.

The People's reliance on *People v. Mills, supra,* 81 Cal.App.3d 171, is misplaced. In *Mills,* the defendant was convicted of lewd and lascivious conduct on a child under the age of 14 (§ 288) after he attempted sexual intercourse with a seven-year-old girl by means of threats and force. The defendant argued that his registration requirement denied him equal protection of the law, because some sex offenders were required to register and others were not. The *Mills* court rejected his argument by stating: "The fact there are some types of classes of sex offenses which are not made subject to registration does not per se require the finding there is a denial of equal protection. This may be based upon the legislative determination a particular type of offender does not recidivate or recidivates less; some offenses, although touching upon sexual acts, are not so directly concerned or related to the type of conduct which is repetitive, recidivist, in nature. In this final analysis, these are matters for consideration for the Legislature and should be addressed to that body." *(Mills,* at p. 181.) I agree with the *Mills* court that the Legislature could rationally draw distinctions between various sex offenders in determining which sex offenders must be required to register, because there are a wide variety of sex offenses. In contrast to *Mills,* the instant case presents a narrower question, that is, whether there is a rational basis for distinguishing between sex offenders who engage in substantial sexual conduct with those under age 18 on the ground that one class of offenders has engaged in oral copulation and the other has engaged in sexual intercourse. In my view, such a distinction is irrational.

Here, the trial court mistakenly believed that defendant's equal protection argument lacked substantive merit. Since the trial court indicated that defendant's motion would have been potentially meritorious had there been "an equal protection problem," I conclude that a remand is appropriate to give the trial court the opportunity to reconsider, in light of the views expressed

herein, defendant's request that it exercise its discretion under section 1385 by dismissing defendant's present conviction for failing to register as a sex offender.

A petition for a rehearing was denied September 3, 2002, and appellant's petition for review by the Supreme Court was denied October 30, 2002. Kennard, J., and Moreno, J., were of the opinion that the petition should be granted.