**Mark Edward JONES, Petitioner—Appellant,**

**v.**

**J.R. SOLIS, Respondent—Appellee.**

**No. 04-15654.**
**D.C. No. CV-03-04919-TEH.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2005.

Decided Feb. 2, 2005.

Paul Couenhoven, Esq., Santa Clara, CA, for Petitioner–Appellant.

Gregory A. Ott, AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before NOONAN, CALLAHAN, Circuit Judges, and JONES, District Judge.*

MEMORANDUM **

Mark Edward Jones, petitioner-appellant, asserts that it is a violation of the Equal Protection Clause of the Fourteenth Amendment for California to require him to register as a sexual offender based on his conviction for oral copulation with a minor when California does not require registration of those convicted of sexual intercourse with a minor. *See* Cal.Penal Code §§ 261.5(a), 288a(b)(1), 290. The California courts denied petitioner relief and the district court denied his petition for a writ of habeas corpus. We review de novo the district court's denial of a habeas petition under 28 U.S.C. § 2254. *Williams v. Rhoades,* 354 F.3d 1101, 1106 (9th Cir.2004); *Lewis v. Lewis,* 321 F.3d 824, 829 (9th Cir.2003).

As an initial matter, we reject respondent's argument that petitioner is barred from challenging the requirement that he register as a sex offender because his underlying conviction is final. Petitioner is not challenging the validity of his prior conviction; he challenges the constitutionality of the basis for his most recent conviction. Accordingly, *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), and *Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) are inapposite and do not bar petitioner's request for relief.

The California Court of Appeal addressed petitioner's equal protection claim and determined that the two groups at issue—those who had been convicted of oral copulation with minors and those convicted of sexual intercourse with minors—were "sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment." *People v. Jones,* 101 Cal.App.4th 220, 228, 124 Cal.Rptr.2d 10 (2002). The court further determined that because the equal protection claim did not involve a suspect classification or significantly infringe upon a fundamental right, the rational basis test applied. *Id.* Petitioner conceded in the district court and in oral argument before us that the rational basis test applies.

The United States Supreme Court held in *Heller v. Doe,* 509 U.S. 312, 319–20, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993), that:

* The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity. Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose. Further, a legislature that creates these categories need not "actually articulate at any time the purpose or rationale supporting its classification." *Nordlinger, supra,* 505 U.S., at 15, 112 S.Ct., at 2334. Instead, a classification "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Beach Communications, supra,* 508 U.S., at 313, 113 S.Ct., at 2101. [Additional citations omitted.]

Here, as petitioner concedes, California has a legitimate interest in having sex offenders register. *Smith v. Doe,* 538 U.S. 84, 93, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). Petitioner, however, proffered strong arguments that California considers statutory rape to be a serious concern and that there is no evidence that those convicted of statutory rape are less likely to commit future sexual offenses than those convicted of oral copulation. This is not sufficient to meet the rational basis test. Although it is not clear that respondent had any obligation to do so,[1] its brief noted a number of justifications for the distinction between the two groups.[2] We cannot find that there is no reasonable state of facts that could provide a rational basis for the classification.

Even if petitioner's presentation were more persuasive, we could not grant him relief on his habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254. This statute provides that a federal court will grant habeas relief only if the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

The California Court of Appeal properly applied the rational basis test and the record does not support a finding that the court either unreasonably applied established Federal law or unreasonably determined the facts. Accordingly, the district court's denial of petitioner's habeas petition is AFFIRMED.

1. In *Heller,* 503 U.S. at 520, 112 S.Ct. 1522, the Court noted:

   A State, moreover, has no obligation to produce evidence to sustain the rationality of a statutory classification. "[A] legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data." *Beach Communications, supra,* 508 U.S., at 315, 113 S.Ct. 2096.

2. Respondent suggests that: (1) "oral copulation does not pose the same principle risk—pregnancy—as intercourse;" (2) oral copulation is easier to commit than intercourse, and victims are less likely to resist oral copulation; (3) "a minor victim is less likely to report an act of oral copulation than an act of intercourse;" (4) "absent a complaint by the minor victim, oral copulation is more difficult to detect—and prove—than is sexual intercourse;" (5) "more minors are at risk of being the victim of oral copulation than of sexual intercourse;" and (6) "it is common knowledge that pedophiles are wont to 'groom' their victims through acts of fondling and oral copulation before introducing them to intercourse."