Filed 10/27/23  P. v. Mosley CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DIMITRIC MOSLEY, JR.,<br><br>    Defendant and Appellant. | C097979<br><br>(Super. Ct. No. 05F02507) |

Defendant Dimitric Mosley, Jr., appeals the trial court's denial of his petition for recall and resentencing under Penal Code[1] section 1170.18 and Proposition 47 (Safe Neighborhoods and Schools Act).  In his petition, defendant sought resentencing for two of his 2006 convictions for being a felon in possession of a firearm.  Defendant filed a petition pursuant to Health and Safety Code section 11361.8 under Proposition 64 (Control, Regulate and Tax Adult Use of Marijuana Act) in Monterey County to have his 2003 felony conviction for violating Health and Safety Code section 11359 reduced to a

---

[1] Undesignated statutory references are to the Penal Code.

1

misdemeanor. Because the Monterey County Superior Court granted that Proposition 64 petition, defendant alleged he was entitled to be resentenced on the two 2006 convictions premised upon the previously designated 2003 felony conviction. The trial court concluded section 1170.18 required defendant to file his petition in the court in which he was convicted of the underlying drug crime (i.e., Monterey County) and that even if his prior drug conviction was now a misdemeanor, section 1170.18, subdivision (k) did not restore his right to possess a firearm. On appeal, counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel requested we exercise our discretion to review the entire record for arguable issues on appeal. Defendant filed a supplemental brief arguing the trial court erred in denying his petition because it was filed in the correct court and the reduction of his convictions under Proposition 64 meant they were deemed never to have occurred, citing Health and Safety Code section 11361.9, subdivision (f). We shall affirm.

BACKGROUND

In 2003, defendant was convicted of felony possession of marijuana for sale in Monterey County. (Health & Saf. Code, § 11359.) The Monterey County Superior Court sentenced him to probation for five years.

In 2006, the amended information charged defendant with attempted murder (§§ 664, 187, subd. (a)), attempted robbery (§§ 664, 211), and two counts of possession of a firearm by a felon premised on his 2003 conviction (former § 12021, subd. (a)(1)). As to the attempted murder and attempted robbery charge, the information further alleged enhancements not relevant here. The basic facts taken from the probation report establish the victim was walking down the street when defendant and his accomplice confronted the victim. Defendant pulled out a gun. Defendant then put his gun away, but the victim and the accomplice started fighting. Defendant pulled out his gun again and shot at the victim but struck the accomplice. As the victim was running away, defendant shot at him

2

again and this time the shots hit the victim twice in the back. Defendant then drove away.

The trial court found defendant guilty of all counts in the amended information and found all alleged enhancements true. The trial court sentenced defendant to 17 years plus 25 years to life in prison. As to the two convictions for being a felon in possession of a firearm, the trial court sentenced defendant to one-third the middle term of two years on each to run concurrently with the 25-year-to-life sentence.

In July 2016, defendant filed a formal petition for resentencing under section 1170.18 (added by Prop. 47, § 14, as approved by voters, Gen. Elec. (Nov. 4, 2014)) (Proposition 47) alleging the two convictions for being a felon in possession of a firearm should be reduced to misdemeanors. The trial court denied that petition because defendant's convictions were ineligible for consideration under Proposition 47.

On July 22, 2022, defendant filed a handwritten petition again under section 1170.18, this time alleging Monterey County had reduced his prior felony conviction to a misdemeanor and therefore Proposition "64" and section 1170.18 entitled him to resentencing on his two convictions for being a felon in possession of a firearm because those convictions were now "unlawful."

On January 31, 2023, the trial court filed a written order denying the petition for resentencing. The trial court concluded it lacked jurisdiction to recall defendant's sentence under section 1170.18 because the "plain language of section 1170.18 only permits the court that 'entered the judgment of conviction' to recall a defendant's sentence." The court found it was without jurisdiction to entertain defendant's petition because the relevant marijuana conviction was not entered in Sacramento County. Further, the trial court concluded the reduction of the prior felony marijuana conviction to a misdemeanor did not affect the validity of his felon in possession of a firearm convictions citing section 1170.18, subdivision (k). Defendant filed a timely appeal from the January 31, 2023 order.

3

## DISCUSSION

A.    *Scope of Review*

In *People v. Wende* (1979) 25 Cal.3d 436, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-225.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of that postjudgment order. (*Id.* at pp. 229-232.)

The *Delgadillo* court prescribed guidance for considering an appeal from an order denying a section 1172.6 petition where counsel finds no arguable issues to be pursued on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) When a defendant has been notified that his appeal of the postconviction order may be dismissed, the reviewing court must evaluate the specific arguments presented in any supplemental brief the defendant files. (*Ibid.*) The filing of a supplemental brief, however, "does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*)

We see no reason to deviate from this procedure in this appeal arising from denial of a defendant's postconviction section 1170.18 motion and shall evaluate defendant's arguments from his supplemental brief.

4

B.     *Reduction of Prior Convictions*

Defendant argues the trial court erred in concluding he was required to file his petition in the Monterey County.  Further, defendant argues the trial court erred when it relied on section 1170.18, subdivision (k) to find his restriction against possessing a firearm was unaffected by the reduction of his crime to a misdemeanor.  Ultimately, defendant contends the reduction of his conviction came under Proposition 64 (as approved by voters, Gen. Elec. (Nov. 8, 2016)) (Proposition 64), specifically Health and Safety Code section 11361.8, which relieves him of all disabilities from his former felony conviction.

As we shall explain, defendant establishes he was not entitled to bring this petition under section 1170.18.  Moreover, the later obtained reduction of his prior conviction from a felony to a misdemeanor does not alter the validity of his convictions for being a felon in possession of a firearm when those convictions occurred after he was originally convicted of the felony, but before the felony was reduced to a misdemeanor.

We start by noting we have only defendant's declaration stating his prior conviction was reduced to a misdemeanor in Monterey County and that Proposition 64 was the basis for that reduction.  The record contains no documentary evidence as to the existence of or the basis for this reduction other than his sworn declaration.  Assuming defendant is correct, however, he has proven too much.  As alleged by defendant, the reduction of his 2003 Health and Safety Code section 11359 conviction for possession of marijuana with the intent to sell was brought about under Proposition 64.

Defendant brought the instant petition, however, under the auspices of section 1170.18, subdivision (a), which was enacted by the passage of Proposition 47.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 877.)  Proposition 47 "amended portions of the Health and Safety Code and the Penal Code to reclassify certain drug possession and theft-related offenses from felonies or wobblers to misdemeanors, with limited exceptions for those offenders having certain prior convictions that are not relevant in the

5

present matters." (*Ibid*.) Defendant's "eligibility for resentencing turns on whether he is a person serving 'a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense . . . .' (Pen. Code, § 1170.18(a).)" (*People v. Martinez* (2018) 4 Cal.5th 647, 652.) As the *Martinez* court noted, "Proposition 47's amendments to sections 11350, 11357, and 11377, all of which concern illegal possession of various controlled substances including methamphetamine, do not redefine or refer to unlawful transportation of controlled substances." (*Id.* at p. 653.) Relevant here, Proposition 47 also did not redefine or refer to the law on possession for sale. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 13, pp. 72-74.) Hence, defendant was not convicted of an offense that would have been a misdemeanor under Proposition 47, had Proposition 47 been in effect at the time he committed the offense. Section 1170.18 was not a proper basis to seek to have his convictions recalled and to be resentenced.

Defendant's basic argument is further flawed. He argues that because his 2003 felony was reduced to a misdemeanor (presumably at some point after November 2016 when Proposition 64 was passed by the voters), his 2006 convictions for being a felon in possession of a firearm were no longer valid. The law is to the contrary.

"The possible invalidity of an underlying prior felony conviction provides no defense to possession of a concealable weapon by a felon in violation of section 12021." (*People v. Harty* (1985) 173 Cal.App.3d 493, 499.) A felon in possession of a firearm cannot halt a prosecution for such crime by attacking the validity of the underlying felony, because the offense is based on that person's felon status at the time of possession. (*Id.* at pp. 499-500; see also *People v. Sanchez* (1989) 211 Cal.App.3d 477, 479-481 [equivalent holding construing former § 12021.1].) Thus, "if a previously convicted felon desires to obtain a firearm, he [or she] should first challenge the validity of the prior conviction by a motion to vacate the conviction in the court that entered the judgment. [Citations.] But he [or she] may not resort to self help by first obtaining and

6

possessing the firearm, and thereafter try to assert the invalidity of the prior conviction as a defense to a prosecution." (*Harty,* at p. 500.)[2]

Defendant's convictions for being a felon in possession of a firearm in this case remain valid because at the time he possessed the gun, he was still a convicted felon. Those convictions were unaffected by the later reduction of his 2003 conviction for the possession of marijuana for sale.

DISPOSITION

The trial court's postconviction order denying defendant's section 1170.18 petition is affirmed.


/s/<br>
BOULWARE EURIE, J.

We concur:


/s/<br>
HULL, Acting P. J.


/s/<br>
MESIWALA, J.

---

[2] The language of Proposition 64 further undermines defendant's argument. Proposition 64 provides, "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of the Control, Regulate and Tax Adult Use of Marijuana Act." (Health & Saf. Code, § 11361.8, subd. (k).) Defendant's 2006 convictions for being a felon in possession of a firearm were final and predated Proposition 64 by 10 years. Thus, defendant is not entitled to the relief he seeks under the plain language of Proposition 64.